572 So.2d 347 (1990)
Rachel Ann LEBOEUF, Individually, and Rachel Ann Leboeuf on Behalf of her Minor Child, Derrek Leboeuf
v.
LLOYD'S OF LOUISIANA.
No. CA 891663.
Court of Appeal of Louisiana, First Circuit.
December 18, 1990.
Writ Denied February 22, 1991.
*348 Julius P. Hebert, Jr., Houma, for plaintiffs and appellants, Rachel Ann Leboeuf, et al.
Mary G. Chappius, Houma, for defendant and appellee, Southern Nat. Ins. Co.
Before SAVOIE, CRAIN and FOIL, JJ.
FOIL, Judge.
This is a suit for damages brought by Rachel Ann LeBoeuf, individually and on behalf of her minor son, Derrek LeBoeuf, against Southern National Insurance Company (formerly named as Lloyd's of Louisiana). Plaintiff's claim on behalf of her son was settled. The trial court rendered judgment in favor of Southern National, holding plaintiff cannot claim both liability and uninsured motorist coverage under the Southern National policy. The court also denied plaintiff's claim for penalties and attorney's fees. We affirm.

FACTS
The instant case arises from a one-vehicle accident which occurred on March 1, 1987. Plaintiff was a guest passenger in a truck driven by her brother, Ray Michael LeBoeuf. It is undisputed that the sole cause of the accident was the negligence of the host driver. The truck is owned by plaintiff's mother, Adeline LeBoeuf, and was insured under a Southern National policy issued to Adeline LeBoeuf. Plaintiff and her brother were insured under the policy as they were residents of the household of Adeline LeBoeuf at the time of the accident. The Southern National policy provided limits of $10,000/$20,000 for both liability and uninsured/underinsured motorist. The parties stipulated that plaintiff's damages exceeded $20,000.00.
Plaintiff filed the instant suit for damages against Southern National. It was later stipulated that she also asserted a claim for penalties and attorney's fees for defendant's arbitrary and capricious misinterpretation of its own policy. After suit was filed, Southern National deposited into the registry of the court the liability limits of $10,000.00, plus interest and court costs. Plaintiff refused to accept the same in settlement of her claims, contending that she has a right to recover under both the liability *349 and uninsured/underinsured motorist provisions of the policy. Southern National subsequently filed a motion for partial summary judgment, arguing that its policy excluded uninsured motorist coverage when the liability limits of the policy are paid. After a hearing, the trial court took the matter under advisement and later denied the motion. This court denied a supervisory writ of review (No. CW880731), finding no error in the trial court's action. We found that Southern National failed to show its entitlement to judgment as a matter of law as required by La.Code Civ.P. art. 966. The Louisiana Supreme Court denied Southern National's application for writ of certiorari and/or review (No. 88-CC-1699).
In lieu of a trial with live testimony, the parties stipulated facts into the record and the case was submitted. In subsequent written reasons for judgment, the trial court found that under the express and plain wording of the policy, Southern National does not provide uninsured motorist coverage on vehicles which it insures with bodily injury liability coverage. The truck involved in the accident in this case is a scheduled vehicle covered by liability insurance under the policy. The court further denied plaintiff's claim for penalties and attorney's fees. From a judgment signed in conformity with those reasons, plaintiff brings the instant appeal. She urges the following assignments of error:
1. The trial court erred as a matter of law in holding that plaintiff, a minor at the time of the accident and resident of her mother's household, and therefore an insured, could not collect both the liability limits and the underinsured motorist limits in a one-truck wreck which was the fault of her brother, because of the policy's exclusionary clause;
2. The trial court erred as a matter of law in holding that the Southern National policy is not ambiguous; and
3. The trial court erred as a matter of law in finding the defendant not arbitrary and capricious because it misinterpreted its own policy and the Louisiana Underinsured Motorist Law.

UNDERINSURED MOTORIST COVERAGE
Southern National asserts that there is no uninsured motorist coverage available to the plaintiff under its policy provisions. The Southern National policy, under the uninsured motorist insurance endorsement, provides that the company agrees to:
pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured highway vehicle ...
The policy further provides that "the term `uninsured highway vehicle' shall not include an insured highway vehicle." The policy defines an "insured highway vehicle" as "a highway vehicle described in the schedule as an insured highway vehicle to which the bodily injury liability coverage of the policy applies." Under the plain reading of this policy, Southern National did not provide uninsured motorist coverage to plaintiff.
Regardless of express language to the contrary, coverage would exist if the policy provisions were invalid as being in derogation of the public policy embodied by Louisiana's uninsured motorist statute. Nall v. State Farm Mutual Automobile Insurance Company, 406 So.2d 216 (La. 1981); Breaux v. Government Employees Insurance Company, 369 So.2d 1335 (La. 1979). However, we conclude that the holdings of the trial court are indeed correct, and coverage under the facts of this case is not mandated by our uninsured motorist statute.
The validity of similar policy exclusions has been upheld in numerous cases. In both Hasha v. Calcasieu Parish Police Jury, 539 So.2d 779 (La.App. 3d Cir.), writ denied, 541 So.2d 872 (La.1989) and Shipp v. State Farm Mutual Automobile Insurance Co., 415 So.2d 582 (La.App. 3d Cir. 1982), the court addressed the issue of whether a policy issued with respect to the accident vehicle afforded UM coverage to *350 the guest passenger when the sole cause of the accident was the negligence of the host driver. In both cases, like the case at hand, the guest passengers were insured under the policies involved because they were the children of the owners of the insured accident vehicles. The court found that a guest passenger is not entitled to recover under both the liability and UM coverages of the policy insuring the automobile involved in the accident, which was caused by the host driver's negligence. While the facts of the instant case differ somewhat, it is identical in theory to the above mentioned cases. Although our case involves the unique fact that the host driver is also an insured under the policy in question, if anything, that fact only lends greater support to reaching the same result.
The Louisiana Supreme Court has stated that the intent and effect of our uninsured motorist statute (specifically, La.R.S. 22:1406 D(1)(a)) is plain. In Breaux v. Government Employees Insurance Company, 369 So.2d at 1338, the court stated:
As to coverage under the uninsured motorist provisions of a particular policy, the statute thus contemplates two distinct motor vehicles: the motor vehicle with respect to which uninsured motorist coverage is issued and the `uninsured or underinsured' motor vehicle. In addition, as to each policy containing uninsured motorist coverage, the statute distinguishes between the person insured under the policy in question and the owner or operator of the uninsured or underinsured motor vehicle.
The court further noted that:
[U]nder the terms of the statute, a guest passenger is afforded coverage under the provisions of his own uninsured motorist coverage when he sustains injuries occasioned by the host driver's negligence and the host driver's liability insurance coverage is less than the amount of damages suffered by those having claims against the host driver's liability coverage. In such a case, the owner or operator of an underinsured motor vehicle (the host driver) is not a person insured under the guest passenger's uninsured motorist coverage. In addition, the motor vehicle with respect to which the uninsured motorist coverage was initially issued (the guest passenger's motor vehicle) is not the underinsured motor vehicle (the host driver's motor vehicle). The same result is reached when the guest passenger seeks recovery against the host driver's uninsured motorist coverage when the accident is caused by the fault of an underinsured third party.
369 So.2d at 1338-1339, n. 5.
It is abundantly clear after examining the theory behind our uninsured motorist statute, as discussed in Breaux, the truck involved in the accident in this case cannot at the same time be the motor vehicle with respect to which Southern National's uninsured motorist coverage was issued and the uninsured/underinsured motor vehicle contemplated by that coverage. Moreover, plaintiff's contention characterizes herself as a "person insured" and her brother as the "operator of an uninsured/underinsured motor vehicle" with respect to the same policy of insurance. This is completely contradictory. One cannot be insured with respect to liability coverage and underinsured with respect to UM coverage under the same insurance policy. Clearly, the contemplation of the uninsured motorist statute is that the uninsured motorist coverage is to be applicable based on the underinsurance of the driver of a vehicle other than the one identified as covered by the policy of liability insurance containing the required uninsured motorist coverage. Therefore, policy provisions which effectuate this result do not violate the terms of Louisiana's uninsured motorist statute. The trial court was thus correct in concluding that plaintiff was not entitled to recover under the uninsured motorist provisions of Southern National's policy and was also correct in denying an award for statutory penalties and attorney's fees.
The judgment of the trial court is affirmed at plaintiff's cost.
AFFIRMED.