588 So.2d 792 (1991)
William E. HALTOM, et al., Plaintiffs-Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.
Jerry W. McDONALD, et al., Plaintiffs-Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.
Nos. 22980-CA, 22981-CA.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1991.
*793 Travis M. Holley, Bastrop, for appellants.
Hayes, Harkey, Smith, Cascio & Mullens, Monroe, for appellee.
Before SEXTON, HIGHTOWER and BROWN, JJ.
SEXTON, Judge.
This appeal arises out of two lawsuits which were consolidated at the district court level. The district court ruled that the plaintiffs could not collect from a second uninsured/underinsured motorist (UM) carrier after exhausting coverage from the alleged tortfeasor's liability carrier and the UM carrier on the car in which they were riding at the time of the accident. We affirm.
The evidence in this matter consists entirely of exhibits and stipulated facts. Jerry and Joyce McDonald owned a 1987 Mazda 626 automobile. On June 6, 1989, William Haltom was driving this vehicle with the McDonalds' permission. His guest passengers were his wife Jo Ellen Haltom and daughter Jessica Haltom, as well as Joyce McDonald and her daughter Rhonda McDonald.
The Haltoms and McDonalds were involved in a serious auto accident with Donald Hawkins. The record seems to indicate that Hawkins was entirely at fault in causing the accident. Both the Haltoms and McDonalds negotiated a settlement with Farm Bureau, Hawkins' automobile liability carrier, for the limits of its liability coverage, $50,000 per accident. The record fails to disclose the manner in which the settlement was allocated to each of the claimants.
Because the Farm Bureau coverage was inadequate to compensate all the claimants for all of their injuries, State Farm Mutual Automobile Insurance Company, the McDonalds' UM carrier, also settled with the Haltoms and the McDonalds for the limits of its UM coverage, $20,000 per accident.
Because there was still insufficient coverage under the State Farm UM policy, the Haltoms and McDonalds then sought to recover under a second State Farm UM policy covering a 1983 Mazda pickup owned by the McDonalds.
This matter was submitted to the district court by a jointly executed stipulation of facts. After taking the matter under advisement, the district court dismissed the plaintiffs' claims, with prejudice, at their costs.
The district court held that the Haltoms were not entitled to collect under the McDonalds' second UM policy because they are not "insureds" under that policy. The district court held that the McDonalds were not entitled to collect from their second UM policy because LSA-R.S. 22:1406 D(1)(e) provides that an insured who is injured while occupying a motor vehicle must collect from the UM policy covering the automobile in which he is riding at the time of the injury.
Both the Haltoms and the McDonalds appeal the dismissal of their claims. Because the facts pertinent to the resolution of each claim and the applicable law differs, we will consider their respective claims separately.

HALTOMS
As previously indicated, Mr. Haltom was driving the McDonalds' 1987 Mazda automobile with permission at the time of the accident. His wife and daughters were guest passengers in the borrowed vehicle. After exhausting coverage on the tortfeasor's vehicle and on the borrowed vehicle, they next sought to recover under the UM coverage of a liability policy on the McDonalds' 1983 Mazda pickup truck.
Under the UM coverage in the policy insuring the pickup truck, an insured means "the person or persons covered by uninsured motor vehicle coverage." This is further defined to include the first person named in the declarations, his or her spouse, their relatives, and any other person while occupying certain specified vehicles or any person entitled to recover damages because of bodily injury to an insured.
*794 The stipulations jointly submitted by all of the parties admitted that the pickup truck was not involved in the accident and that the automobile involved in the accident was neither newly acquired nor was it a temporary substitute vehicle for the pickup truck at the time of the accident.
The district court concluded that the Haltoms were not "insureds" under the pickup truck policy because they were not named in the declarations, none of them were the spouse or relatives of the McDonalds, and they were not occupying the pickup truck at the time of the accident. Accordingly, the district court found that the Haltoms were not entitled to collect from State Farm's UM coverage.
The district court's disposition on this issue is indisputably correct. Louisiana law requires that insurance policies provide UM coverage only for persons insured under the policy. Seaton v. Kelly, 339 So.2d 731 (La.1976); Malbrough v. Wheat, 428 So.2d 1110 (La.App. 1st Cir. 1983). Finding no merit to their arguments to the contrary, we affirm the district court's dismissal of their claim against State Farm.

McDONALDS
The McDonalds owned the car in which Mrs. McDonald and her daughter were riding at the time of the accident. They also owned the Mazda pickup truck previously mentioned. After they and the Haltoms exhausted the liability coverage on the tortfeasor's vehicle and the UM coverage on their automobile, the McDonalds sought recovery from the UM policy on their pickup truck, arguing that the UM coverage on the automobile should have applied to the Haltoms and the UM coverage on the truck should have applied to them.
In Wyatt v. Robin, 518 So.2d 494 (La. 1988), the Louisiana Supreme Court held that a person who is insured under more than one policy and who is injured while occupying an owned vehicle may select, from among those policies, the one under which he would prefer to recover.
In 1988, the Louisiana Legislature passed Act No. 203 which, among other things, added LSA-R.S. 22:1406 D(1)(e), which provides as follows:
(e) The uninsured motorist coverage does not apply to bodily injury, sickness, or disease, including death of an insured resulting therefrom, while occupying a motor vehicle owned by the insured if such motor vehicle is not described in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy. This provision shall not apply to uninsured motorist coverage provided in a policy that does not describe specific motor vehicles.
Section 2 of the act specifically noted that the act "shall apply to policies issued or renewed with effective dates on or after the effective date of this Act." The effective date of all acts in the 1988 regular legislative session was September 9, 1988, unless otherwise specified, in accordance with LSA-Const. Art. III, § 19. In the case at bar, the policies covering both vehicles were entered into evidence through the joint stipulation of the parties. Although the declaration page on each of the two policies fails to disclose the policy period during which each was in effect, neither party has raised the time factor as an issue. Accordingly, it would seem that the McDonalds and State Farm both accept that the policies were issued or renewed on or after the effective date of the amendment.
Even were that not the case, the McDonalds did not allege that the policies were issued or renewed before the amendment's effective date. Therefore, the district court had no opportunity to consider whether that was a factual issue. Additionally, the McDonalds have not assigned this potential issue as error. Accordingly, we do not consider the effective date of the policy to be an issue in this appeal. URCA Rule 1-3.
In light of the clear language of LSA-R.S. 22:1406 D(1)(e), we conclude that the district court was correct in dismissing plaintiffs' claim against State Farm.
The McDonalds argue that a strict application of the statute to the instant circumstances *795 would result in an inequitable treatment of a vehicle owner who is injured while riding as a guest passenger in her own car. For example, they point out that, had the Haltoms carried UM coverage on their own vehicle, they could have collected from Hawkins' liability carrier, the McDonalds' UM coverage on the Mazda automobile, and also their own UM coverage; contrarily, the McDonalds are limited to sharing with the Haltoms the tortfeasor's liability coverage and the UM coverage on the Mazda automobile, even though they have additional UM coverage on the Mazda pickup truck.
Admittedly, the McDonalds' situation is not ideal. However, the amendment to the UM statute was clearly designed to keep vehicle owners from carrying UM coverage on only one of two or more owned vehicles, thus obtaining the benefit of UM coverage regardless of which vehicle they occupied, at the cost of only one UM policy. Whereas the legislature probably intended only to preclude an insured from collecting more than the limits of the UM policy covering the vehicle in which he was riding, which in this case was equal to the coverage on the other vehicle, such is the result under the instant circumstances and pertinent statutes.
For the above and foregoing reasons, we affirm the district court judgments.
AFFIRMED.