WATKINS, Judge.
The plaintiffs, who were denied recovery against two of their own insurers for underinsured motorist coverage, have perfected this appeal. We affirm.
The instant lawsuit followed a one-vehicle accident on January 26, 1989, in La- *893 fourche Parish, Louisiana. Plaintiff, Ray M. Gaudet, was a guest passenger in his own 1978 Toyota pickup truck which was being driven by his son, Jody Paul Gaudet. Mrs. Ray M. Gaudet joined in her husband’s lawsuit, claiming loss of consortium damages.
The following three insurance policies issued to the Gaudets were in effect at the time of the accident:
1) Policy #286385 by Louisiana Farm Bureau Casualty Insurance Company covering the 1978 Toyota pickup truck involved in the accident. It covered the negligent acts of Jody Paul Gaudet, the driver of the pickup truck. The policy had a $25,000.00 liability limit, which was paid to the plaintiffs. Plaintiffs do not claim other monies under that policy.
2) Policy #856708 by Louisiana Farm Bureau Mutual Insurance Company (Farm Bureau Mutual) covering a 1978 Ford LTD owned by Ray Gaudet. That policy had a $25,000.00 UM limit.
3) Policy #320288 by Louisiana Farm Bureau Mutual Insurance Company covering a 1976 Ford pickup truck owned by Ray Gaudet. That policy had a $25,000.00 UM limit.
Cross motions for summary judgment were filed. Plaintiffs claimed they were entitled to $25,000.00 because of an alleged compromise agreement between themselves and Farm Bureau Mutual. Plaintiffs also claimed that, regardless of the compromise, they were entitled to the UM benefits of one of the Farm Bureau Mutual policies because the liability limits of the policy insuring the Toyota truck were insufficient to cover the damages suffered by Mr. Gaudet.[1]
Defendant claimed that neither the policy provisions nor the UM statute allowed recovery under the UM provisions of the policies. Defendant also denied the existence of a valid, written compromise agreement.
The parties prepared joint written stipulations of undisputed facts, and by an agreement of all parties the case was submitted for a decision on the merits.
The trial court rendered judgment on January 25, 1991. The court held that Farm Bureau Mutual had no liability for UM coverage under the applicable statutes and policy provisions. Additionally, the court found for a fact that the letters exchanged between counsel for both sides of the controversy failed to show a meeting of the minds. Thus, no valid, enforceable compromise existed.
Plaintiffs appealed, claiming they are entitled to $25,000.00 under the UM provisions as a matter of Louisiana law on uninsured motorist coverage and on compromise.
LEGAL PRINCIPLES OF UNINSURED MOTORIST COVERAGE
In holding that Louisiana law was contrary to plaintiffs’ claim for UM coverage under the two automobile policies in question, the trial court relied on LSA-R.S. 22:1406, which provides in pertinent part:
D. The following provisions shall govern the issuance of uninsured motorist coverage in this state:
******
(l)(e) The uninsured motorist coverage does not apply to bodily injury, sickness, or disease, including death of an insured resulting therefrom, while occupying a motor vehicle owned by the insured if such motor vehicle is not described in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy. This provision shall not apply to uninsured motorist coverage provided in a policy that does not describe specific motor vehicles.
The trial court concluded, “This eliminates collection by the plaintiff insured on the uninsured motorist portion of his other policies which list vehicles other than the *894 one in which the accident occurred.” The trial court’s conclusion was correct.
Furthermore, the two Farm Bureau Mutual policies contain exclusions which preclude plaintiffs from collecting. The Toyota involved in the accident is not an “uninsured automobile” because it was an automobile furnished for the regular use of the named insured or a relative.
LEGAL PRINCIPLES OF COMPROMISE AND SETTLEMENT
We have reviewed the record and find no error in the trial court’s finding that there was no meeting of the minds between the parties to substantiate plaintiffs-’ claim that they reached a settlement.
The plaintiffs rely on a series of letters between counsel for both sides. It is true that Farm Bureau Mutual’s attorney mentions the figure of $50,000.00 in his letter of March 9, 1990. However, in the same letter he speaks of the “necessary closing documents” not yet prepared. Then, in a letter dated March 12, 1990, he refers to a telephone conversation of the same date by which the plaintiffs were advised of a change in the “potential outlined settlement.”
In addition to its obvious equivocal nature, the correspondence does not meet the statutory requirements for a compromise and settlement: it does not embody an offer by the insurer which was accepted by the plaintiffs and reduced to writing. See LSA-C.C. art. 3071; Smith v. Schultz, 546 So.2d 596 (La.App.3d Cir.1989).
Accordingly, we find no manifest error in the trial court’s finding that the parties did not enter into an enforceable compromise which would entitle the plaintiffs to receive $25,000.00 from Farm Bureau Mutual.
We affirm the judgment of the trial court and cast appellants with all costs of this appeal.
AFFIRMED.

. The parties stipulated that Mr. Gaudet, whose back was broken in the accident, incurred damages for injuries in excess of $50,000.00.