DUFRESNE, Judge.
This case involves interpretation of an automobile liability insurance policy. The specific question before us is whether the policy limit for bodily injury of $25,000 for each person, or that of $50,000 for each accident, should apply where a wife witnessed her husband being struck and severely injured in an automobile-motor bike accident. The trial judge ruled that the lower limit (tendered by the insurer) was applicable because the wife’s claim did not arise out of bodily injury to her, but rather arose from, and was only derivative of, the single bodily injury suffered by her husband. He therefore entered summary judgment absolving the insurer of further liability in the matter. For the following reasons we affirm that decision.
There are no facts in dispute as to the accident. Stephen Crabtree, plaintiff, was riding his motor bike on a two-way street when an oncoming car crossed the center line and ran into him. Debra Crabtree, his wife and also a plaintiff, was following him in her automobile and witnessed the accident. She stopped her car and ran to her husband to help him, only to discover that one of his legs had been almost completely severed below the knee.
Suit was subsequently filed against the driver of the car and his insurer, State Farm Mutual Automobile Insurance Company. As initially noted, the insurance policy at issue had liability limits for bodily injury of $25,000 for each person and $50,-000 for each accident. State Farm soon recognized that proof of liability would be conclusive, and that Stephen’s damages exceeded the $25,000 per person policy limit. It thereupon deposited this amount plus *702 interest in the court registry, but denied any further liability under the policy.
Debra sought additional damages, however, pursuant to the recently enacted Civil Code Article 2315.6, which provides, inter alia, that wives who witness injuries to their husbands may, on the proper showing, recover damages for “mental anguish or emotional distress that they suffer as a result of the other person’s injury.”
She urged in the district court, and re-urges here, the proposition that the injury she suffered was a separate and distinct bodily injury to her person, albeit nominated “mental anguish or emotional distress” in the codal article. As such, she contends that the $50,000 policy limit per accident should apply and that the insurer is thus liable for additional damages.
The trial judge rejected this argument, and instead rendered summary judgment in favor of the insurer. In oral reasons for judgment he noted that although this issue was res nova in regard to Civil Code Article 2815.6 actions, the jurisprudence applicable to loss of consortium and wrongful death claims has uniformly held that the per person limits of the insurance policy apply. He further noted that the underlying reasoning in this jurisprudence is that while more than one person may suffer damages when those damages originate in, and are derived from, a bodily injury to only one person, the single person limit is applicable.
In this court’s opinion, the trial judge correctly summed up the applicable jurisprudence which treats loss of consortium and wrongful death claims as derivative from a single bodily injury, see eg. Remedies v. Lopez, 560 So.2d 118 (La.App. 3rd Cir.1990), and Sharff v. Ohio Casualty Insurance Co., 584 So.2d 1223 (La.App. 2nd Cir.1991).
We further agree with his conclusion that Article 2315.6 claims are derived from the bodily injury to the tort victim. Indeed, Paragraph A of the article states specifically that recovery may be had by certain family member “bystanders” for mental anguish and emotional distress “that they suffer as a result of the other person’s injury.” (emphasis added)
That conclusion does not, however, end the essential inquiry here, which is simply what coverage is provided under the contract of insurance. The pertinent language in the policy, found at Endorsement 6994RR, is as follows:
Under “Each Person” is the amount of coverage for all damages due to bodily injury, to one person. Bodily injury to one person includes all injury and damages to others resulting from this bodily injury, (emphasis added)
This language is, in this court’s opinion, indistinguishable in meaning from the language of the codal article quoted above, which refers to damages suffered by family members “as a result of” injury to the tort victim. Because the policy limits the liability of the insurer for bodily injury for each person to $25,000, and because the wife’s damages resulted from the bodily injury to her husband and are thus included in the policy’s definition of bodily injury to one person, the insurer is only liable up to this $25,000 limit. To rule otherwise would be to impermissibly ignore the plain meaning of the contract of insurance at issue in this case. Pareti v. Sentry Indemnity Co., 536 So.2d 417 (La.1988).
For the above reasons, the judgment of the district court in favor of the insurer is hereby affirmed.
AFFIRMED.