620 So.2d 441 (1993)
J. Nolan SANDOZ, Jr., et al., Plaintiffs-Appellants,
v.
STATE FARM MUTUAL AUTO. INS. CO., Defendant-Appellee.
No. 92-1157.
Court of Appeal of Louisiana, Third Circuit.
June 9, 1993.
*442 Jed Gerard Gremillion, Lafayette, for J. Nolan Sandoz Jr., et al.
John Edward Ortego, Abbeville, for State Farm Mut. Auto. Ins. Co.
Before DOUCET, KNOLL and COOKS, JJ.
KNOLL, Judge.
Plaintiffs, James Nolan Sandoz, Jr. (Mr. Sandoz) and James Nolan Sandoz, III (James), appeal the trial court's granting of defendant's motion for summary judgment. The trial court found no uninsured motorist coverage available to Mr. Sandoz and his son, James, and no additional liability coverage available for payment of the loss of consortium and/or mental anguish claims of Mr. Sandoz. Also before us is a motion to dismiss plaintiffs' appeal for failure to timely pay estimated court costs filed by defendant, State Farm Mutual Automobile Insurance Company (State Farm).
On appeal, plaintiffs assert two assignments of error: 1) that the trial court erred in holding that a separately issued insurance policy covering the Sandoz's Oldsmobile, which was not involved in the accident, did not provide uninsured or underinsured motorist coverage for the injuries sustained by James; and, 2) that the trial court erred in holding that the injuries sustained by Mr. Sandoz could not be compensated by the multiple limits of the State Farm policy.
We find that the policy language and Louisiana law support the judgment of the trial court dismissing plaintiffs' claims. Therefore, we affirm the decision of the trial court.

FACTS
This suit arises out of a one vehicular accident which occurred in Texas on February 6, 1989. The accident involved a Chevrolet S-10 Blazer, owned by Mr. and Mrs. James N. Sandoz, Jr. and operated by Mrs. Sandoz. Their son, James, a passenger in the Chevrolet, was injured when it slid on an icy highway and eventually overturned.
Mr. Sandoz filed suit individually and on behalf of his minor son against Mrs. Sandoz and State Farm. He initially claimed entitlement to recovery under both the liability and uninsured motorist coverages of two different policies issued by State Farm to cover the two different vehicles owned by the Sandozes. The policy on the Chevrolet had 100,000/300,000 liability and uninsured motorist limits. The Sandozes also owned a 1988 Oldsmobile Cutlass, which was not involved in the accident and was also covered by 100,000/300,000 liability and uninsured motorist limits. The petition seeks damages for personal injuries to James and damages for injuries to Mr. Sandoz for loss of consortium and mental anguish as the result of injury to his minor child.
Both the Sandozes and State Farm filed motions for summary judgment. The trial court scheduled the trial on the merits and the hearing of the summary judgment motions for January 28, 1992. Before trial, the parties settled the case in part, eliminating several issues to be decided by the *443 trial court. Pursuant to this settlement, the trial court signed a partial dismissal, and the parties filed a written stipulation of facts on January 28, 1992.
As part of the settlement, State Farm paid James $100,000 representing the limits of liability coverage on the Chevrolet operated by Mrs. Sandoz. Mr. Sandoz and his son dismissed their claim that they were entitled to recover from the uninsured motorist portion of the policy covering the Chevrolet. They also dismissed their claim that they were entitled to collect from the liability portion of the policy covering the Oldsmobile. Additionally, James dismissed his claim that he was entitled to recover from the liability portion of the Chevrolet policy. The plaintiffs' dropped all claims against Mrs. Sandoz personally, stipulated that Mrs. Sandoz was at fault in causing the accident, and stipulated that the injury to James would justify a damage award of $200,000 or more, i.e., damages beyond State Farm's potential liability.
Following the partial settlement and stipulations, the remaining legal issues to be decided at the hearing on January 28, 1992, were: 1) whether James could recover under the uninsured motorist coverage of the Oldsmobile policy; 2) whether Mr. Sandoz could recover damages for loss of consortium and mental anguish under either the uninsured motorist coverage of the Oldsmobile policy or as a multiple claim under the liability policy of the Chevrolet.
The trial court ruled that there was no uninsured motorist coverage available to either plaintiff, and that the loss of consortium and mental anguish claims of Mr. Sandoz were payable from the same single bodily injury limit of liability coverage as the bodily injury claim of his son, which limit was exhausted by the settlement. Because the trial court ruled in favor of State Farm on the legal issues, it did not have to proceed to trial to determine the amount of damages. On appeal, Mr. Sandoz does not pursue his claim that he is entitled to recover under the uninsured motorist coverage of the Oldsmobile policy for his loss of consortium/mental anguish damages.

MOTION TO DISMISS APPEAL
State Farm did not appeal directly or answer plaintiff's appeal. It urges in brief that we find that the trial court erred in denying its motion to dismiss plaintiffs' appeal for failure to timely pay estimated court costs in accordance with LSA-C.C.P. Art. 2126. However, the unambiguous language of the article allows the trial court in such circumstances to either dismiss the appeal or grant a ten day period within which costs must be paid in full, in default of which the appeal is dismissed as abandoned. Accordingly, we find that the trial court did not err in granting plaintiffs a ten day extension of time and in denying State Farm's motion to dismiss the appeal.

UNINSURED MOTORIST COVERAGE
Plaintiffs complain that the trial court erred in holding that a separately issued insurance policy covering the Oldsmobile which was not involved in the accident did not provide uninsured motorist coverage for James's injuries.[1] Conversely, State Farm seeks to limit its liability by relying on an exclusion contained in the Oldsmobile policy on page 10 and on a statute specifically dealing with the issue.
The pertinent portion of the policy provides that in order for uninsured motorist coverage to apply, the injured insured must be entitled to recover from the owner or operator of an uninsured motor vehicle, and the bodily injury claimed:
"must be caused by an accident arising out of the operation, maintenance or use of an uninsured motor vehicle.
* * * * * *
An uninsured motor vehicle under coverage U does not include a land motor vehicle ...
2. furnished for the regular use of you, your spouse or any relative."
The Sandozes stipulated that the Chevrolet involved in the accident was a *444 vehicle furnished for their regular use. Thus, the Chevrolet does not meet the definition of an "uninsured motor vehicle." However, they attack the policy provision as being against public policy, claiming that it seeks to limit State Farm's liability by virtue of the relationship of a particular insured to a vehicle. Plaintiffs then cite several cases for this proposition. See, e.g., Howell v. Balboa Ins. Co., 564 So.2d 298 (La.1990); Jones v. Henry, 542 So.2d 507 (La.1989); Hebert v. Breaux, 398 So.2d 1299 (La.App. 3rd Cir.1981), writ denied, 401 So.2d 986 (La.1981); Earl v. Commercial U. Ins. Co., 391 So.2d 934 (La.App. 2nd Cir.1980); Elledge v. Warren, 263 So.2d 912 (La.App. 3rd Cir.1972), writ denied, 262 La. 1096, 266 So.2d 223 (1972). As noted in the 1992 Supplement to 15 Louisiana Civil Law Treatise, Insurance Law and Practice, Section 123, p. 56, 57, and footnote 13.10, Act 203 of 1988, which added subparagraph D(1)(e) to LSA-R.S. 22:1406, legislatively overruled cases such as those on which plaintiffs rely.
State Farm defends the validity of the provision as not against public policy and as being supported by LSA-R.S. 22:1406(D)(1)(e). This article was amended by Act 203 of 1988 to add subparagraph (D)(1)(e):
"The uninsured motorist coverage does not apply to bodily injury, sickness, or disease, including death of an insured resulting therefrom, while occupying a motor vehicle owned by the insured if such motor vehicle is not described in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy."
The policy under which plaintiffs claim coverage herein describes the Oldsmobile, not the Chevrolet. Under this statute, James cannot collect uninsured motorists coverage under the Oldsmobile policy if he is occupying a family owned vehicle not described by that policy.
Gaudet v. Southern Farm Bureau Cas. Ins., 600 So.2d 892 (La.App. 1st Cir.1992), writ denied, 604 So.2d 1308 (La.1992), involved a one vehicle accident. Mr. Gaudet was a guest passenger in his own truck which was being driven by his son, whose negligence caused the accident. The court applied the statute to deny uninsured motorist coverage to Mr. Gaudet, the named insured, who was injured while riding as a passenger in his own vehicle and who sought recovery from an uninsured motorist portion of other policies which listed vehicles other than the truck involved in the accident. Furthermore, the court found that the other policies contained exclusions which precluded plaintiffs from collecting. Like the Chevrolet in the present case, the truck in Gaudet involved in the accident was not an uninsured automobile because it was an automobile furnished for the regular use of the named insured or a relative. Other recent cases in which our courts have applied LSA-R.S. 22:1406(D)(1)(e) to deny recovery under uninsured motorist provisions from other owned vehicles not involved in the accident include Haltom v. State Farm Mut. Auto. Ins. Co., 588 So.2d 792 (La.App. 2nd Cir. 1991) and Galliano v. State Farm, 606 So.2d 580 (La.App. 5th Cir.1992). We find the cases cited by plaintiffs are not dispositive of this case in which specific legislation was enacted to provide for a result contrary to that sought by plaintiffs.

LOSS OF CONSORTIUM/MENTAL ANGUISH CLAIM
Mr. Sandoz contends that the trial court erred in holding that his claims for loss of consortium and/or mental anguish suffered as a result of the injury to his minor son were payable from the same limit of liability coverage as the bodily injury claim of his son. Both State Farm policies involved in this case provide at page 7, under the sections entitled "Limits of Liability" as follows:
"Bodily injury to one person includes all injury and damages to others resulting from this bodily injury."
Thus, the State Farm policy mandates that the $100,000 liability limit for bodily injury to James includes all injury and damages to others, in this case, Mr. Sandoz, resulting from this bodily injury. This result finds support in our jurisprudence.
For example, in Carroll v. State Farm Ins. Co., 519 So.2d 265 (La.App. 5th Cir. 1988), writ denied, 520 So.2d 756 (La.1988), *445 the court interpreted the insurance policy and found that a husband who claimed damages for physical manifestations of injury as a result of his wife's injury was restricted to the same single limit as the claim of his wife. Likewise, in Shepard v. State Farm Mut. Auto. Ins. Co., 545 So.2d 624 (La.App. 4th Cir.1989), writs denied, 550 So.2d 627, 628 (La.1989), the court found that the parents' loss of consortium claim was derived from their son's injuries. Because their son had exhausted the per person limits of the policy, their derivative loss of consortium claim was extinguished. See, also, Albin v. State Farm Mutual Automobile Ins. Co., 498 So.2d 171 (La. App. 1st Cir.1986), writ denied, 498 So.2d 1088 (La.1986). Thus, we conclude that Mr. Sandoz's loss of consortium claim is extinguished because James has exhausted the per person limits of the liability policy on the Chevrolet.
Mr. Sandoz also maintains that his claim for mental anguish damages pursuant to LSA-C.C. Art. 2315.6 entitles him to a separate limit of liability coverage. We find that the per person limit applies to his mental anguish claim as well, and when his son's damages exceeded the per person limit, Mr. Sandoz could not recover under the policy. We note our brethren in the Fifth Circuit in Crabtree v. State Farm Ins. Co., 613 So.2d 701 (La.App. 5th Cir.1993), treats a claim for mental anguish damages under LSA-C.C. Art. 2315.6 as a derivative claim from a single bodily injury. We will not address whether we find Mr. Sandoz's claim is derivative, since the policy language excludes his claim.
For the foregoing reasons, we affirm the judgment of the trial court in favor of defendant, State Farm Mutual Automobile Insurance Company. Costs of this appeal are taxed to plaintiffs, James Nolan Sandoz, Jr. and James Nolan Sandoz, III.
AFFIRMED.
DOUCET, J., concurs, finding the policy language persuasive.
NOTES
[1] James qualifies as an "insured", defined in the Oldsmobile policy on page 11 as a relative of the person named in the declaration.