GUIDRY, Judge.
Plaintiff, Rita Primeaux, appeals the trial court’s judgment granting defendant’s, State Farm Mutual Automobile Insurance Company (State Farm), motion for summary judgment on a question of uninsured motorist (UM) coverage. We affirm.
Plaintiff was injured on. June 17, 1990 while riding as a guest passenger in a family owned 1990 GMC van. The van was being driven by plaintiffs husband and was insured by State Farm. State Farm paid the liability limits of the GMC van policy and was released by plaintiff from further responsibility under that policy. Thereafter, plaintiff sought further recovery under the UM provision of a separate State Farm policy covering another vehicle, a 1983 Nissan 200 SX, owned by the couple.
State Farm filed a motion for summary judgment denying that Mrs. Primeaux was entitled to UM benefits under the policy insuring the Nissan. Its motion was based upon certain provisions of the State Farm policy which exclude UM coverage for injury occurring while the insured is occupying a motor vehicle owned by the insured if such motor vehicle is not the vehicle described in the policy under which the claim is made. State Farm also relied on La.R.S. 22:1406(D)(l)(e) which provides:
(e) The uninsured motorist coverage does not apply to bodily injury, sickness, or disease, including death of an insured resulting therefrom, while occupying a motor vehicle owned by the insured if such motor vehicle is not described in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy. This provision shall not apply to uninsured motorist coverage provided in a policy that does not describe specific motor vehicles.
The trial court granted summary judgment in favor of State Farm dismissing plaintiffs demands. She appealed.
This case presents the identical issue recently addressed by this court in Sandoz v. State Farm Mutual Auto Ins. Co., 620 So.2d 441 (La.App. 3rd Cir.1993), our docket No. 92-1157. In that case James Nolan Sandoz, *1295 III, then 8 years old, was seriously injured while occupying a Chevrolet S-10 Blazer owned by the family and driven by his mother. His mother was 100% at fault. State Farm paid the liability limit of the policy covering the Blazer. Thereafter, Sandoz, on behalf of his minor son, sought further recovery from State Farm under the UM provisions of another policy issued by State Farm to Sandoz covering a family owned Oldsmobile. In Sandoz, we considered similar policy provisions and the effect of La.R.S. 22:1406(D)(l)(e) and in denying recovery stated:
The Sandozes stipulated that the Chevrolet involved in the accident was a vehicle furnished for their regular use. Thus, the Chevrolet does not meet the definition of an “uninsured motor vehicle”. However, they attack the policy provision as being against public policy, claiming that it seeks to limit State Farm’s liability by virtue of the relationship of a particular insured to a vehicle. Plaintiffs then cite several eases for this proposition, [citations omitted] As noted in the 1992 Supplement to 15 Louisiana Civil Law Treatise, Insurance Law and Practice, Section 123, p. 56, 57, and footnote 13.10, Act 203 of 1988, which added subparagraph D(l)(e) to LSA-R.S. 22:1406, legislatively overruled cases such as those on which plaintiffs rely.
State Farm defends the validity of the provision as not against public policy and as being supported by LSA-R.S. 22:1406(D)(l)(e). This article was amended by Act 203 of 1988 to add subparagraph (D)(1)(e):
“The uninsured motorist coverage does not apply to bodily injury, sickness, or disease, including death of an insured resulting therefrom, while occupying a motor vehicle owned by the insured if such motor vehicle is not described in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy.”
The policy under which plaintiffs claim coverage herein describes the Oldsmobile, not the Chevrolet. Under this statute, James cannot collect uninsured motorists coverage under the Oldsmobile policy if he is occupying a family owned vehicle not described in that policy.
The other courts of appeal of this state, in cases involving similar facts and identical issues, reached the same conclusion as we did in Sandoz and as we do in this case. Hood v. Irwin, No. 92-CW-0083 (La.App. 1st Cir.1992), writs denied, 600 So.2d 687 (La.1992); Haltom v. State Farm Co., 588 So.2d 792 (La.App. 2d Cir.1991); Maloney v. State Farm, 583 So.2d 12 (La.App. 4th Cir.1991), writs denied, 586 So.2d 544 (La.1991); Galliano v. State Farm Mutual Automobile Insurance Company, 606 So.2d 580 (La.App. 5th Cir.1992).
For the reasons stated, the judgment of the trial court is affirmed. All costs of this appeal are taxed against appellant, Rita Pri-meaux.
AFFIRMED.