647 So.2d 447 (1994)
Fred S. BAMBURG, Individually and on Behalf of his Minor Child, Plaintiff-Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.
No. 26324-CA.
Court of Appeal of Louisiana, Second Circuit.
December 7, 1994.
*448 Jefferson, Focke, Broussard by Francis C. Broussard, Monroe, for appellant.
Hayes, Harkey, Smith & Cascio by Karen L. Hayes, Monroe, for appellee.
Before HIGHTOWER, BROWN and STEWART, JJ.
HIGHTOWER, Judge.
Fred S. Bamburg appeals a summary judgment denying him and his four-year-old child uninsured motorist coverage under policies insuring, not the host vehicle driven by his teenage daughter, but two other automobiles owned by plaintiff. We affirm.

BACKGROUND
On January 4, 1993, plaintiff's minor daughter lost control while driving a 1980 Mazda GLC owned by her father and routinely available for her use. The car struck a tree and injured her brother, Joshua Bamburg, riding as a passenger. State Farm Mutual Automobile Insurance Company ("State Farm"), liability insurer of the host vehicle, tendered the $10,000 limits of the policy issued to Fred Bamburg; however, uninsured motorist coverage had been waived on that automobile. Appellant, individually and on behalf of his son, subsequently filed suit seeking the $10,000/$20,000 UM protections provided in separate State Farm policies covering a 1986 Toyota Van and a 1988 Mazda, both owned by the father. Neither of the contracts listed the GLC.
State Farm, in response, moved for summary judgment on grounds that the two relied-upon policies do not provide UM coverage as sought by plaintiff. The trial judge granted the motion and dismissed the action with prejudice. This appeal ensued.[1]

DISCUSSION
In his only assignment, plaintiff contends that the trial court erred in denying UM coverage under the two policies covering the non-accident vehicles. We disagree.
Initially, we note that the trial judge incorrectly found that Joshua did not qualify as an "insured" under the UM provisions in question. That section of the contract clearly defines the term to include relatives of the named insured. This determination, however, does not resolve the ultimate issue of whether the two policies afford coverage under the present circumstances.
With reference to uninsured motorist coverage in Louisiana, Act 203 of 1988 added LSA-R.S. 22:1406(D)(1)(e), which states:
The uninsured motorist coverage does not apply to bodily injury, sickness, or disease, including death of an insured resulting therefrom, while occupying a motor vehicle owned by the insured if such motor vehicle is not described in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy. This provision shall not apply to uninsured motorist coverage provided in a policy that does not describe specific motor vehicles.
Through this amendment, the Legislature intended to preclude owners from carrying UM coverage only on selected family vehicles, while still gaining benefit of such protections regardless of which vehicle happen to be occupied in an accident. Haltom v. State Farm Mut. Auto. Ins. Co., 588 So.2d 792 (La.App. 2d Cir.1991). Instead, in such circumstances, the lawmakers restricted UM coverage to that policy covering the occupied automobile. Id.
In Sandoz v. State Farm Mut. Auto. Ins. Co., 620 So.2d 441 (La.App. 3d Cir.1993), the third circuit found the provisions of LSA-R.S. 22:1406(D)(1)(e) applicable to facts identical to those in the case sub judice. There, the minor son of the automobile owners sustained injuries in a single-vehicle accident caused by his mother's fault in allowing their Chevrolet Blazer to skid off the highway and overturn. After State Farm paid the liability limits of the policy issued on the Blazer, the *449 boy's father sought recovery under the UM coverage on an Oldsmobile, also owned by the Sandozes. The appellate court affirmed summary judgment in favor of the insurer, stating that the child could not "collect uninsured motorists coverage under the Oldsmobile policy if he is occupying a family owned vehicle not described in that policy." Id. at 444. Cf. Haltom, supra (mother and daughter unable to collect UM coverage on a family owned vehicle other than the one involved in accident); Primeaux v. State Farm Mut. Auto. Ins. Co., 624 So.2d 1294 (La.App. 3d Cir.1993) (reaffirming Sandoz with regard to a separate policy covering a second family vehicle).
Furthermore, as stated, Joshua's injuries resulted solely from the negligence of the host driver. In that situation, it is well settled that a passenger may not collect under both the liability and UM provisions of the policy insuring the involved automobile, even if that contract encompasses several vehicles. See Breaux v. Government Emp. Ins. Co., 369 So.2d 1335 (La.1979); Cannon v. Allstate Ins. Co., 595 So.2d 745 (La.App. 4th Cir.1992), writ denied; Leboeuf v. Lloyd's of La., 572 So.2d 347 (La.App. 1st Cir.1990), writ denied; Hasha v. Calcasieu Parish Police Jury, 539 So.2d 779 (La.App. 3d Cir. 1989), writ denied. Simply put, one cannot be insured with respect to liability coverage and underinsured with respect to UM coverage under the same insurance policy. Leboeuf, supra.
In the present matter, of course, recovery is not sought under an insurance agreement covering the host vehicle, but through two policies that do not describe the accident-involved Mazda. Yet, under LSA-R.S. 22:1406(D)(1)(e), neither personally nor as administrator of his minor child's estate may the father claim UM benefits for occupant injuries sustained in the family owned vehicle. Notably too, these contracts provide that an "uninsured motor vehicle" does not include a vehicle "furnished for the regular use of you [the named insured], your spouse or any relative[.]"

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to appellant.
AFFIRMED.
BROWN, J., concurs.
NOTES
[1] Although State Farm urges that we dismiss Bamburg's appeal for failure to submit a brief in conformity with URCA Rule 2-12.4, subsequent amendments by plaintiff have corrected these omissions. Consequently, pursuant to URCA Rule 2-12.13, we will address the merits.