# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2015-CA-01051-SCT

*SHAREL A. KENNEY*

*v.*

*FOREMOST INSURANCE COMPANY AND USAA CASUALTY INSURANCE COMPANY*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/17/2015 |
| TRIAL JUDGE: | HON. LAWRENCE PAUL BOURGEOIS, JR. |
| COURT FROM WHICH APPEALED: | HANCOCK COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | CHUCK McRAE |
| | SETH CLAYTON LITTLE |
| ATTORNEYS FOR APPELLEES: | DALE GIBSON RUSSELL |
| | MICHAEL CHRISTOPHER GATLING |
| | TIMOTHY JOHN STERLING |
| | CHARLES G. COPELAND |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | AFFIRMED IN PART; REVERSED IN PART AND REMANDED - 09/22/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, P.J., LAMAR AND KITCHENS, JJ.**

**RANDOLPH, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Sharel A. Kenney appeals the trial court's grant of summary judgment in favor of USAA Casualty Insurance Company (USAA-CIC) and Foremost Insurance Company (Foremost). Finding that the trial court erred in granting summary judgment as to Foremost but not as to USAA-CIC, we affirm the trial court in part and reverse and remand in part.

**FACTS AND PROCEEDINGS BELOW**

¶2.     In June 2011, Kenney purchased a motorcycle in Slidell, Louisiana. Kenney, a Louisiana resident, completed a Louisiana Motorcycle Insurance Application with Foremost, which included an Uninsured/Underinsured Motorist Bodily Injury Coverage Form ("UMBI Form"). Pursuant to the UMBI Form, Kenney elected not to purchase UMBI coverage. Following receipt of the application and the UMBI Form, Foremost issued Policy No. 276 0072696768 to Kenney. Daniel Steilberg, Kenney's fiancé, was listed as an operator on the insurance policy.

¶3.     In May 2012, while riding the motorcycle, Kenney and Steilberg were involved in an accident with an uninsured motorist on Highway I-90 in Bay St. Louis, Mississippi. After the accident, Kenney made claims for uninsured-motorist coverage under three separate policies. First, Kenney made a claim from Foremost. She was informed that "the policy in existence at the time of the accident did not include payment of medical expenses or uninsured/underinsured coverage." Kenney did receive payments totaling $18,096.86 from Foremost, representing the actual cash value for property damage to the motorcycle. Kenney also filed a claim with USAA-CIC, the insurer for Kenney's Dodge Charger, but she was denied payment for medical expenses and uninsured/underinsured-motorist coverage.[1]

¶4.     After the denials of coverage, Kenney filed suit in the Circuit Court of Hancock County against the uninsured motorist, Foremost, USAA-CIC, and Steilberg, alleging bad-faith denial of insurance/breach of contract, breach of fiduciary duty/duty of good faith and

---

[1] Kenney filed a claim under a second USAA-CIC policy issued to Kenney's daughter. That claim was denied but is not at issue in this appeal.

2

fair dealing, negligence/gross negligence, and intentional infliction of emotional distress, *inter alia*. Kenney also prayed for declaratory relief.

¶5. Steilberg moved to dismiss Kenney's complaint, as the complaint "merely identifies Defendant Steilberg as a party but nowhere in the Amended Complaint is there any allegation of wrongdoing, breach of duty or any attempt whatsoever to describe a factual or legal basis for Defendant Daniel R. Steilberg to remain a party defendant to this action." The trial court granted Steilberg's motion to dismiss and granted Kenney sixty days to file an Amended Complaint.

¶6. USAA-CIC filed a motion for summary judgment, arguing that Kenney's USAA-CIC policy named Kenney as the named insured and insured only Kenney's 2009 Dodge Charger. USAA-CIC further argued that the policy afforded Kenney no uninsured-motorist coverage for the accident and USAA-CIC had an arguable basis for denying Kenney's claim for such coverage. USAA-CIC averred that, pursuant to ***Boardman v. USAA***, 470 So. 2d 1024 (Miss. 1985), and ***O'Rourke v. Colonial Ins. Co.***, 624 So. 2d 84 (Miss. 1993), Louisiana law applied to Kenney's policy dispute.

¶7. Foremost also moved for summary judgment, arguing that Kenney had waived uninsured-motorist coverage when she elected not to purchase coverage from Foremost. Foremost argued it was not liable to Kenney and that all claims should be dismissed. Foremost also averred that Louisiana law applied to Kenney's claim for uninsured-motorist benefits pursuant to ***Boardman*** and ***Colonial***.

3

¶8. During the hearing on the motions for summary judgment, the trial court ruled that Louisiana law applied to the policy disputes, that Kenney had opted out of uninsured-motorist coverage from Foremost, that Kenney was afforded no uninsured-motorist coverage under USAA-CIC's policy, and that there was no bad faith on Foremost's or USAA-CIC's part in denying uninsured-motorist coverage. The trial court granted both motions for summary judgment.

¶9. The trial court entered a final judgment pursuant to Rule 54(b) of the Mississippi Rules of Civil Procedure as to USAA-CIC and Foremost. After the sixty-day time period lapsed without Kenney filing an amended complaint, the trial court also dismissed Steilberg's claim with prejudice.[2] Kenney timely filed notice of her appeal.

## ISSUES

¶10. Kenney argues the following issues:

I. THE TRIAL COURT ERRED IN ITS CHOICE OF LAW DETERMINATION BY FINDING THAT LOUISIANA LAW AND NOT MISSISSIPPI LAW GOVERNED THE UNDERLYING INSURANCE CONTRACT DISPUTES BETWEEN APPELLANT KENNEY, FOREMOST INSURANCE COMPANY AND USAA-CIC.

II. THE TRIAL COURT ERRED IN ITS FINDING THAT APPELLANT KENNEY EXECUTED A VALID WAIVER OF UNINSURED MOTORIST INSURANCE IN HER APPLICATION WITH FOREMOST INSURANCE COMPANY.

## ANALYSIS

---

[2] Kenney did not appeal Steilberg's dismissal.

¶11. This Court applies a *de novo* standard of review for grants of summary judgment. ***Harris v. Darby***, 17 So. 3d 1076, 1078 (Miss. 2009). For sake of clarity, the issues identified by Kenney have been restated in this opinion.

## I. THE PROPER CHOICE OF LAW IN THIS MATTER IS LOUISIANA.

¶12. The precedent set by this Court and relied upon by the trial court dictates that Louisiana law should apply to this dispute. *See* ***O'Rourke v. Colonial Ins. Co.***, 624 So. 2d 84 (Miss. 1993), and ***Boardman v. USAA***, 470 So. 2d 1024 (Miss. 1985). Mississippi's choice-of-law rules use the "center of gravity" concept. ***Boardman***, 470 So. 2d at 1031. When courts are presented with a question as to what state's substantive law applies, the court determines "which state has the most substantial contacts with the parties and the subject matter of the action." ***Id.*** (citing ***Mitchell v. Craft***, 211 So. 2d 509, 512 (Miss. 1968); ***Craig v. Columbus Compress & Warehouse Co.***, 210 So. 2d 645, 649 (Miss. 1968)).

¶13. In ***Boardman***, this Court determined that:

(a) the place of contracting was in Nebraska,

(b) the place of negotiation of the contract was in Nebraska,

(c) the place of performance was substantially in Nebraska,

(d) the location of the subject matter of the contract, i.e., the principal location of the risks insured against, was in Nebraska. . . , and

(e) the residence of Henry W. Boardman was Nebraska. . . .

***Id.*** at 1034. The Court held Nebraska law applied. ***Id.*** In ***Colonial***, this Court found that:

(a) the O'Rourkes were both residents of Tennessee

5

(b) the insurance policy was issued by Colonial through an insurance agency located in Bartlett, Tennessee, [and]

(c) the premiums [were] paid to Colonial either through a Tennessee agent or directly to Colonial in Georgia.

*Colonial*, 624 So. 2d at 87. The *Colonial* Court held Tennessee law applied. *Id.*

¶14.    *Boardman* and *Colonial* are strikingly similar to today's case. All three share common facts including, but not limited to: (1) nonresident insureds, (2) policies insuring vehicles principally garaged outside of Mississippi, (3) policies issued by out-of-state insurers, (4) policies that excluded from uninsured-motorist coverage any bodily injury to covered persons while occupying a vehicle owned by the covered person but not insured under the policy at issue, (5) accidents occurring in Mississippi, (6) denied uninsured-motorist claims, and (7) lawsuits filed in Mississippi. The *Boardman* and *Colonial* courts found that Mississippi law did not apply to the insurance contract dispute. This trial court ruled the same conclusion follows in this case.

¶15.    Kenney was a longtime resident of Louisiana. The Foremost-insured motorcycle was principally garaged at Kenney's residence in Louisiana. The USAA-CIC-insured Dodge Charger also was principally garaged at Kenney's Louisiana residence. Both the Foremost and USAA-CIC policies were Louisiana policies. Mississippi contacts included the location of the accident and the residence of the uninsured motorist. However, this Court has held that the location of the accident is "fortuitous and hence irrelevant." *Boardman*, 470 So. 2d at 1036.

¶16. Applying the center-of-gravity test, we find that the trial court properly held that Louisiana has the most substantial contacts with the parties and subject matter in this action and that Louisiana law must be applied to the contract disputes between Kenney and her insurers.

## II. KENNEY IS NOT OWED UNINSURED MOTORIST BENEFITS UNDER THE USAA-CIC POLICY.

¶17. In Louisiana, an insurer offering uninsured-motorist coverage legally can exclude bodily injury sustained by a covered person while occupying a vehicle owned by the covered person but not insured under the insurance policy. *See Sandoz v. State Farm Mut. Auto. Ins. Co.*, 620 So. 2d 441, 444 (La. Ct. App. 1993); *Gaudet v. Southern Farm Bureau Cas. Ins.*, 600 So. 2d 892 (La. App. 1st Cir.1992); *Galliano v. State Farm*, 606 So. 2d 580 (La. App. 5th Cir.1992); *Haltom v. State Farm Mut. Auto. Ins. Co.*, 588 So. 2d 792 (La. App. 2nd Cir.1991). Additionally, Louisiana statutory law further provides:

> The uninsured motorist coverage does not apply to bodily injury, sickness, or disease, including the resulting death of an insured, while occupying a motor vehicle owned by the insured if such motor vehicle is not described in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy. This provision shall not apply to uninsured motorist coverage provided in a policy that does not describe specific motor vehicles.

La. R. S. § 22:1295(1)(e).

¶18. Kenney's USAA-CIC policy specifically excluded uninsured-motorist coverage for bodily injury "sustained by any covered person while occupying . . . any motor vehicle owned by that covered person which is not insured for UM under this policy." Kenney's motorcycle

7

was not insured for uninsured-motorist coverage under the USAA-CIC policy. We find that the trial court did not err in granting summary judgment in favor of USAA-CIC.

**III.    A QUESTION OF FACT REMAINS AS TO WHETHER KENNEY EXECUTED A VALID WAIVER OF UNINSURED MOTORIST INSURANCE IN HER APPLICATION WITH FOREMOST INSURANCE COMPANY.**

¶19.    Louisiana law establishes a clear framework and provides a specific form for the rejection of uninsured-motorist, body-injury coverage. "A properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage. . . ." La. R.S. § 22:1295(1)(a)(ii). The rejection "shall be made only on a form prescribed by the commissioner of insurance." *Id.* Pursuant to the authority given to the Commissioner of Insurance by the legislature to create a waiver form, "compliance with the form prescribed by the commissioner of insurance is necessary for the UM waiver to be valid." *Duncan v. U.S.A.A. Ins. Co.*, 950 So. 2d 544, 553 (La. 2006). In order to have effectively waived uninsured-motorist coverage, the waiver form must be executed as follows:

> (1) initialing the selection or rejection of coverage chosen; (2) if limits lower than the policy limits are chosen (available in options 2 and 4), then filling in the amount of coverage selected for each person and each accident; (3) printing the name of the named insured or legal representative; (4) signing the name of the named insured or legal representative; (5) filling in the policy number; and (6) filling in the date.

*Id.* at 551.

¶20.    On August 29, 2008, the Commissioner of Insurance issued Bulletin No. 08-02. Pursuant to the Bulletin, the following tasks *must be completed by the insured*:

> His/Her signature
> His/Her *printed name* to identify his/her signature
> The *date* the form is *completed*

8

Initials to select/reject UMBI coverage prior to signing the form.

LDOI Bulletin No. 08-02 (emphasis added).

¶21.   The UMBI form completed by Kenney shows her initials beside the section of the form which reads:

> I do not want UMBI Coverage. I understand that I will not be compensated through UMBI Coverage for losses arising from an accident caused by an uninsured/underinsured motorist.

In her deposition, Kenney acknowledged that those were her initials and signature on the form. However, she testified that she did not "recall printing my name because I do not write my name like that." While the form is dated June 2, 2011, Kenney testified that she did not recall dating the form and that she did not "write [her] twos like that." Although Kenney's responses were tentative, a question of fact remains as to whether Kenney knowingly rejected UMBI coverage. Material issues of fact exist as to whether Kenney printed her name and dated the form. Accordingly, we find that the trial court prematurely granted summary judgment in favor of Foremost, absent a finding of fact regarding compliance in completing the UMBI Form as prescribed by the Commissioner of Insurance of Louisiana.

## CONCLUSION

¶22.   Following this Court's center-of-gravity test applied in *Boardman* and *Colonial*, Louisiana law applies to these contract disputes. Pursuant to Louisiana law, the USAA-CIC policy did not provide uninsured-motorist coverage to Kenney for injuries sustained while operating her motorcycle, a non-USAA-CIC covered vehicle. We affirm the trial court's grant of summary judgment in favor of USAA-CIC. However, material issues of fact remain

9

as to whether the UMBI form as completed complies with Louisiana law. We reverse the summary judgment for Foremost and remand this matter for further proceedings consistent with this opinion.

¶23. **AFFIRMED IN PART; REVERSED IN PART AND REMANDED.**

**WALLER, C.J., DICKINSON, P.J., LAMAR, KITCHENS, KING, COLEMAN, MAXWELL AND BEAM, JJ., CONCUR.**