640 So.2d 451 (1994)
Robert L. ILES, Jr., Plaintiff-Appellant,
v.
AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY, Defendant-Appellee.
No. 93-1149.
Court of Appeal of Louisiana, Third Circuit.
May 4, 1994.
Writ Denied September 23, 1994.
Randall Scott Iles, Lafayette, for Robert L. Iles Jr.
Jeffrey Martin Cole, Lake Charles, for American Mfrs. Mut. Ins. Co.
Before GUIDRY, DOUCET and COOKS, JJ.
COOKS, Judge.
Robert Iles appeals the granting of a motion for summary judgment in favor of his insurer, American Manufacturers Mutual Insurance Company. Iles sustained injuries on November 25, 1992 when the vehicle he was driving, a 1977 black Datsun 280Z, was forced off U.S. Highway 171 in Beauregard Parish, Louisiana. The vehicle involved in the accident was titled and registered to Robert Iles' wife, Kay Iles. It was insured by Illinois National Insurance Company. The insurance policy covering the Datsun automobile, however, reflected Kay Iles executed a valid uninsured/underinsured motorist (UM) coverage waiver. Robert Iles filed suit against his insurer, American Manufacturers Mutual Insurance Company; and, he alleged the UM exclusion provision contained in his policy did not apply to the vehicle titled in his wife's name. The vehicle titled in Kay Iles' name was not listed as a covered auto under the American Manufacturer Mutual Insurance Company policy. Although La. R.S. 22:1406(D)(1)(e) provides that UM coverage is not available to an "owner" injured while operating a vehicle not described in the policy, he maintains this exclusion should not bar his UM claim. Simply put, Robert Iles says he is not the registered "owner" of the vehicle titled in Kay Iles' name; and, thus, the exclusion provision should not apply to bar his claim. Further, Robert Iles points out the exclusion language in the policy also referred only to "any vehicle owned by that `insured'...."
The insurer responded denying coverage under the policy; and, thereafter, it filed a motion for summary judgment seeking dismissal of Robert Iles' suit. Robert Iles, in turn, filed a cross motion for summary judgment requesting that the trial judge declare the policy afforded UM coverage to him. Granting a motion for summary judgment in favor of American Manufacturers, the trial judge reasoned:
"And when the parties specifically reject UM coverage as to one vehicle such as this and there is a community of ownership, the *452 court feels that the rejection of that coverage with respect to that vehicle cannot be ignored, that was a conscious choice made by that person knowing in a community arrangement common sense would indicate that vehicle would be driven by both parties in that community."
From this adverse judgment, Robert Iles appeals. We affirm.
The facts material to our inquiry on appeal are undisputed, as evidenced by the parties' stipulations. Thus, the sole issue before us is a legal one which Robert Iles urges presents a res nova question. He argues the jurisprudence has not squarely addressed whether a husband who is not named as the registered owner of a community automobile is nevertheless "an owner" subject to a UM exclusion provision contained in a policy covering him as an insured but does not list the community vehicle as a "covered auto."

DISCUSSION
La.R.S. 22:1406(D)(1)(e), amended by Act 203 of 1988, provides:
"The uninsured motorist coverage does not apply to bodily injury, sickness or disease, including death of an insured if such motor vehicle is not described in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle under the terms of the policy. This provision shall not apply to uninsured motorist coverage provided in a policy that does not describe specific motor vehicles."
Substantially tracking this language, the exclusion provision contained in the American Manufacturers Mutual Insurance Company policy states:
"Exclusion A: We do not provide uninsured motorist coverage for `bodily injury' sustained by:
1. An `insured' while `occupying' or when struck by, any vehicle owned by that `insured' which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle." (Emphasis added).
Robert Iles attacks the policy exclusion language as ambiguous; and urges La.R.S. 22:1406(D)(1)(e), which recognizes as valid such exclusion, must be interpreted as applying only to the registered (titled) owner(s) of the insured vehicle. Robert Iles' argument is premised largely on his contention that the definition of "owner" in R.S. 32:1 should be used in interpreting the meaning of "owner" as recited in the policy's exclusion clause and La.R.S. 22:1406(D)(1)(e). Any ambiguity in the meaning of this term, he complains, should be resolved in favor of maintaining UM coverage because the insurer drafted the policy's terms. La.R.S. 32:1 provides:
"Section 32 `Owner' means a person who holds the legal title to a vehicle or in the event a vehicle is the subject of an agreement for the conditional sale, lease, or transfer of possession thereof with the right of purchase upon the performance of the conditions stated in the agreement, with the right of immediate possession in the vendee, lessee, possessor or in the event such similar transaction is had by means of mortgage and the mortgagor of a vehicle is entitled to possession, then the conditional vendee, lessee, possessor or mortgagor shall be deemed the `owner' for the purposes of this chapter." (Emphasis added).
However, this definition is clearly limited by an introductory proviso which ascribes its meaning to "owner" as appears in that title captioned "Motor Vehicle and Traffic Regulations." We are convinced the term as defined does not supersede the meaning of "owner" as interpreted and defined in several Louisiana Civil Code articles and other statutory provisions.
Prior to the amendment of La.R.S. 22:1406, a party occupying an automobile not owned by said party could recover under the UM provision of a policy covering him as an insured. However, we agree, as concluded in Haltom v. State Farm Mut. Auto. Ins. Co., 588 So.2d 792 (La.App.2d Cir.1991), the Louisiana Legislature passed Act No. 233 in 1988 (adding Section (D)(1)(e) to this statute) specifically "to keep vehicle owners from carrying UM coverage on only one of two or more owned vehicles, thus obtaining the benefit of UM coverage regardless of which vehicle they occupied, at the cost of only one UM policy."
*453 To permit recovery in this case, the insurer correctly argues would allow, "every two-car family in Louisiana [to] reduce the cost of their insurance coverage by simply rejecting UM coverage on one policy, and seeking UM [coverage] under the other policy in the event an accident occurs in either car." Applying the definition of "owner" as suggested by Robert Iles, thus, undermines the clear purpose of the mentioned legislative amendment. This definition also changes the Louisiana codal meaning and jurisprudence interpreting "owner" which also recognizes the existence of community property relationships. Moreover, as noted in the 1993 Supplement to 15 Louisiana Civil Law Treatise, Insurance Law and Practice, § 122 p. 65 "Act 203 of 1988 was designed to permit stacking only `while occupying an automobile not owned by said injured party, resident spouse or resident relative.'" The present accident occurred after the effective date of the amendment; Kay Iles and Robert Iles resided together at the time of the accident; and the vehicle operated by Robert Iles at the time of the accident belonged to the community estate existing between Robert and Kay Iles. Louisiana Civil Code Article 2336 clearly recognizes that "[e]ach spouse owns a present undivided one-half interest in the community property." We believe this codal provision in particular and clear legislative intent expressed by enactment of LSA-R.S. 22:1406(D)(1)(e), as well as the policy's exclusion clause, requires a result different from that suggested by Robert Iles. Accordingly, the trial judge did not err in finding Robert Iles was "an owner" within the meaning of R.S. 22:1406(D)(1)(e) which barred his UM claim under the insured's policy.
For the foregoing reasons, the judgment granting summary judgment in favor of American Manufacturers Mutual Insurance Co., and denying summary judgment in favor of Robert Iles is affirmed. All costs are assessed to Robert Iles.
AFFIRMED.