I2PARRO, Judge.
Appellant, Charles E. Pelletier, Jr., devolu-tively appealed from a judgment rendered by the trial court dismissing the claims of him and his wife, Laura Pelletier, against State Farm Mutual Automobile Insurance Company (“State Farm”). Based on stipulated facts and documents only, the trial judge concluded, as a matter of law, that pursuant to the provisions of LSA-R.S. 22:1406(D)(l)(e), the Pelletiers were not entitled to uninsured motorist (“UM”) coverage.[1]
Briefly, the stipulated facts indicate that on July 31, 1990, Mr. Pelletier was injured while driving a car which was registered and titled in his wife’s name subsequent to their marriage. Mrs. Pelletier maintained liability insurance on this car, but she elected to exclude uninsured motorist coverage in this policy. The insurance with State Farm on Mr. Pelletier’s vehicle, however, did provide uninsured motorist coverage, and he sought to recover damages under that policy, even though the car titled in his wife’s name only was not listed as a covered auto. Mr. Pelleti *32 er contends that the vehicle in which he was injured was not “owned” by him; rather his wife was the “owner,” as that term is defined by LSA-R.S. 32:851(8).[2] The trial court rejected this argument, determining that Mr. Pelletier was, indeed, an “owner” of his wife’s car by virtue of Louisiana’s community property laws, and therefore, LSA-R.S. 22:1406(D)(l)(e) operated to prohibit him from recovering under the UM provision of the policy covering his vehicle.
The facts are not disputed in this case, and accordingly, the doctrine of manifest error is not applicable in appellate review of the trial court’s decision. Maryland Casualty Company v. Dixie Insurance Company, 622 So.2d 698, 701 (La.App. 1st Cir.), writ denied, 629 So.2d 1138-39 (La.1993). Grounded in the stipulated facts and documentation presented at trial, the only issue before us concerns the trial court’s | .^determination that Mr. Pelletier “owned” the vehicle in which he was injured, which operated to exclude him from the UM coverage of the State Farm policy on the other vehicle. Appellate review of questions of law is simply review of whether the trial court was legally correct or legally incorrect. O’Niell v. Louisiana Power & Light Company, 558 So.2d 1235, 1238 (La.App. 1st Cir. 1990).
The precise issue raised in this appeal was recently addressed in the case of Iles v. American Manufacturers Mutual Insurance Company, 93-1149 (La.App. 3rd Cir. 5/4/94), 640 So.2d 451, writ denied, 94-1449 (La. 9/23/94), 642 So.2d 1292. In that case, the court concluded that a husband who was not named as the registered (titled) owner of a community automobile was nevertheless an “owner” within the meaning of LSA-R.S. 22:1406(D)(l)(e) despite the definition of “owner” set forth in LSA-R.S. 32:1(45).[3] Therefore, his claim for UM coverage was subject to an “ownership exclusion” provision contained in a policy covering him as an insured since his policy did not list the community automobile as a “covered auto.” Id. at 452-53. We agree with that conclusion and the reasoning of the court.
Therefore, after a thorough review and evaluation of the entire record, we conclude that the trial court was legally correct in its decision. Accordingly, the judgment of the trial court is affirmed. Costs are assessed to Mr. Pelletier.
AFFIRMED.

. At the time of the accident, LSA-R.S. 22:1406(D)(1)(e) provided:
The uninsured motorist coverage does not apply to bodily injury, sickness, or disease, including death of an insured resulting therefrom, while occupying a motor vehicle owned by the insured if such motor vehicle is not described in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy.

. LSA-R.S. 32:851(8) provides, in pertinent part:
"Owner” — Every person who holds the legal title to a motor vehicle....

. We note the definition of "owner” in LSA-R.S. 32:1(45) is substantially identical to the definition of that term in LSA-R.S. 32:851(8). However, we believe the latter citation is more appropriate to the facts of these cases.