801 So.2d 668 (2001)
Amy BROSSETT, et al.
v.
PROGRESSIVE INSURANCE CO., et al.
No. 01-0986.
Court of Appeal of Louisiana, Third Circuit.
December 12, 2001.
*669 Nan Maria Landry, Attorney at Law, Lafayette, LA, Counsel for Hotel Bentley, LLC.
John Wyeth Scott, Attorney at Law, Alexandria, LA, Counsel for Amy Brossett, et al.
Michael Thomas Johnson, Attorney at Law, Alexandria, LA, Counsel for Progressive Insurance Co. and Melody Howard.
Julie Rene Wilkerson, Gravel, Cespive, & Wilkerson, Alexandria, LA, Counsel for Donna Turner.
Bonita K. Preuett-Armour, Reichman & Lowrey, Alexandria, LA, Counsel for State Farm Insurance Co.
Court composed of NED E. DOUCET, Jr., Chief Judge, JIMMIE C. PETERS and MARC T. AMY, Judges.
AMY, Judge.
The plaintiff appeals a summary judgment entered in favor of the defendant automobile insurer. The plaintiff contends that, although the insurer argues that uninsured/underinsured motorist's coverage was rejected on her vehicle, the vehicle in which she and her husband sustained injury, her husband's vehicle provided UM coverage. Therefore, the plaintiff argues UM recovery should be available through her late husband's policy. For the following reasons, we affirm.

Factual and Procedural Background
This appeal stems from a March 7, 1998 automobile accident, involving vehicles driven by Melody Howard and Amy Brossett. Mrs. Brossett, who was driving a 1995 Pontiac, was accompanied by her husband, Craig Brossett. As a result of the collision, Mr. Brossett was killed and Mrs. Brossett suffered physical injuries.
Mrs. Brossett filed suit, individually and on behalf of her husband, on October 23, 1998, alleging that Ms. Howard was intoxicated and at fault in the accident. In addition to Ms. Howard, Progressive Insurance Company, Ms. Howard's automobile insurer, was named as a defendant. State Farm was also named as the Brossetts' uninsured/underinsured motorist coverage provider on the 1995 Pontiac.
Following the filing of the petition, State Farm filed a motion for summary judgment on October 28, 1999, alleging that UM coverage on the 1995 Pontiac, which was allegedly Ms. Brossett's separate property prior to the couple's marriage, had been rejected. Thereafter, the plaintiff filed a "supplemental and amended" petition, naming State Farm as a defendant as an insurance provider for Ms. Howard's vehicle and also contending that it issued two policies to the Brossetts, one for Mrs. Brossett's car involved in the accident and one for medical pay protection. This amended petition was also met with a July 19, 2000 motion for summary judgment from State Farm, which contended that the policy issued for Ms. Howard's vehicle was cancelled prior to the accident.
Following a hearing, the trial court entered summary judgment in favor of State Farm on the motion for summary judgment filed regarding UM coverage for the 1995 Pontiac. Judgment on the motion, which was rendered on October 16, 2000 *670 and filed on November 9, 2000, states, in part:
ORDERED, ADJUDGED, AND DECREED that there is no uninsured/underinsured motorist coverage under the policy of insurance issued by State Farm Mutual Automobile Insurance Company in favor of Amy Brossett on the 1995 Pontiac Grand Am vehicle, policy number U044091-B07-18B, as Amy Brossett had effectively rejected uninsured/underinsured motorist coverage, and that the Motion for Summary Judgment filed on behalf of defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, is hereby granted, dismissing State Farm Mutual Automobile Insurance Company from these proceedings, in its capacity as the alleged uninsured/underinsured motorist carrier on the 1995 Pontiac Grand Am vehicle being driven by Amy Brossett on March 7, 1998, only, with prejudice, at the cost of plaintiff....[1]
Pursuant to La.Code Civ.P. art. 1915(B)(1),[2] the court found the granting of this summary judgment to be a final judgment with no just reason existing for delaying finality of the judgment.
On the same dates as above, the trial court heard and granted the motion for summary judgment, filed by State Farm regarding coverage of the Howard vehicle. It too was designated a final judgment with no just reason for delay of the finality of the judgment.
These two summary judgments, one issued finding no UM coverage under the policy issued for the 1995 Grand Am, policy number U044091-B07-18B, and one regarding coverage of the Howard vehicle, were the subject of a Motion for Devolutive Appeal filed by the plaintiff in November 2000. The determination as to State Farm's coverage, or lack thereof, of the Howard vehicle has recently been affirmed by a panel of this court and is not at issue in this case. See Brossett v. Progressive Ins. Co., 01-441 (La.App. 3 Cir. 10/24/01), 800 So.2d 452. We reference the case here as background information necessitated by the plaintiffs argument before this court.
*671 The plaintiff apparently again amended her petition,[3] contending that State Farm provided UM coverage for Craig Brossett's 1994 Mitsubishi, a vehicle the plaintiff contends was owned by Mr. Brossett prior to marriage. The policy on the 1994 Mitsubishi demonstrates that UM coverage, with limits lower than those of the general policy, was selected by Mr. Brossett. On January 25, 2001, well after the order of appeal was entered for the earlier summary judgment, State Farm filed a motion for summary judgment alleging that the rejection of UM benefits on the 1995 Pontiac prevented recovery under the UM coverage on the vehicle not involved in the accident due to the anti-stacking provisions of La.R.S. 22:1406(D)(1)(e). The trial court agreed, granting summary judgment. The judgment, filed on April 11, 2001, contains the following language:
ORDERED, ADJUDGED, AND DECREED that there is no uninsured/underinsured motorist coverage available under the policy of insurance issued by State Farm Mutual Automobile Insurance Company in favor of Craig Brossett on the 1994 Mitsubishi Eclipse vehicle, policy number T00 8696-A14-18, in accordance with the anti-sta[c]king provisions of LSA-R.S. 22:1406(D)(1)(e), and in accordance with the language contained in the policy issued by State Farm Mutual Automobile Insurance Company, and that the Motion for Summary Judgment filed on behalf of defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, is hereby granted, dismissing State Farm Mutual Automobile Insurance Company from these proceedings, in its capacity as the alleged uninsured/underinsured motorist carrier on the 1994 Mitsubishi Eclipse vehicle owned by Craig Brossett on March 7, 1998, with prejudice, at the cost of plaintiff....
The court additionally found the matter appropriate for treatment as a final judgment pursuant to La.Code Civ.P. art. 1915(B)(1).
The plaintiff appeals the summary judgment, making arguments related to both State Farm policies issued on the Brossett vehicles, contending that the trial court erred in finding that UM coverage did not exist. She also contends that genuine issues of material fact exist.

Discussion
As is apparent from our discussion of its procedural history, litigation of the insurance coverage issues in this case has been piecemeal. The plaintiff, in her brief to this court makes arguments regarding whether UM coverage exists under either State Farm policy issued to the Brossetts. Much of her argument relates to what she considers to be evidentiary errors involved in the summary judgment granted for the policy issued on her vehicle, the 1995 Pontiac. She contends that the matters are intertwined and must be considered together. In part, the plaintiff is correct as it is necessary to recognize the procedural history of the case, much of which is contained in the record of the earlier appeal of this matter. However, that does not allow for argument regarding the merits of a judgment that is clearly final and past appellate delays. The summary judgment entered regarding UM coverage of the 1995 Pontiac, was filed on November 9, 2000. No arguments can now be made in that regard. Those issues would have been properly argued in the earlier appeal, *672 which was rendered on October 24, 2001 and which addressed only the aspects of the summary judgment related to coverage of the Howard vehicle.
Although it is necessary to consider the background of this case, including pleadings contained only in the record of appellate docket number 01-441, the essential issue is this case is quite clear, i.e., whether UM coverage was provided under the State Farm policy issued to Amy and Craig Brossett on Mr. Brossett's 1994 Mitsubishi. In fact, the motion for appeal filed by the plaintiff in June 2001 clearly indicates that appeal is sought from the April 10, 2001 judgment. This judgment, as set forth above, related to the issue of coverage of the 1994 Mitsubishi under policy number T00 8696-A14-18. Thus, it is only the coverage of this policy that is at issue, not the merits/appropriateness of the earlier summary judgment. Having stated the focus of our review, we turn to consideration of whether the policy issued to the Brossetts provided coverage.
In support of its motion for summary judgment, State Farm presented a copy of policy number T00 8696-A14-18, which reflects Craig and Amy Brossett as named insureds on a 1994 Mitsubishi Eclipse. The policy period began January 14, 1997. Attached to the policy is a UM selection form, containing Craig Brossett's signature and selecting lower limits for UM coverage. The make of the vehicle is identified on the UM form as a 1994 Mitsubishi. There is no indication that any other vehicle was included on the insurance policy.
The procedure for obtaining a summary judgment is set forth by La.Code Civ.P. art. 966.[4] Appellate review of summary judgment rulings are de novo. Doerr v. Mobil Oil Corp., 00-0947 (La.12/19/00); 774 So.2d 119. Having considered State Farm's application, we find the trial court's granting of the motion for summary judgment appropriate.
First, we are aware, as was the trial court, of the previous summary judgment *673 indicating that Amy Brossett had effectively rejected UM coverage on the 1995 Pontiac involved in the accident.[5] This judgment is final and may not to be questioned at this point. Further, in support of the motion for summary judgment now before the court, State Farm presented the policy issued to Amy and Craig Brossett, which contains a selection of lower UM limits, dated January 14, 1997 and signed by Craig Brossett. Given that UM coverage was waived on the vehicle in which the accident occurred, and that UM coverage was selected on Mr. Brossett's vehicle, which was not involved in the accident, the question becomes whether the UM selection provision signed by Mr. Brossett can be applied to this situation. Like the trial court, we conclude that it cannot.
La.R.S. 22:1406(D)(1)(e) provides:
The uninsured motorist coverage does not apply to bodily injury, sickness, or disease, including death of an insured resulting therefrom, while occupying a motor vehicle owned by the insured if such motor vehicle is not described in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy. This provision shall not apply to uninsured motorist coverage provided in a policy that does not describe specific motor vehicles.
As a preliminary matter, it is clear that Amy Brossett, a named insured under the policy for the Mitsubishi, cannot recover under the UM provisions of the Mitsubishi policy since the accident occurred in a vehicle unquestionably owned by her, but not specifically listed in the policy providing UM coverage. Neither was the 1995 Pontiac a newly acquired or replacement vehicle under the terms of La.R.S. 22:1406(D)(1)(e). Simple statutory interpretation/application reveals Ms. Brossett's inability to recover under the policy for her own injuries.
However, Ms. Brossett argues that she should at least be able to recover UM damages related to Mr. Brossett's death as, she contends, Mr. Brossett did not own the 1995 Pontiac, the vehicle in which the accident occurred. Thus, she asserts, La. R.S. 22:1406(D)(1)(e) does not apply as it requires occupancy of a vehicle owned by the insured. This argument too is without merit. A similar argument was made in Iles v. American Mfrs. Mut. Ins. Co., 93-1149 (La.App. 3 Cir. 5/4/94); 640 So.2d 451, writ denied, 94-1449 (La.9/23/94); 642 So.2d 1292, wherein a husband sustained injury while driving a vehicle registered/titled to his wife. Although the plaintiff's wife had waived UM coverage on the vehicle, the plaintiff attempted to recover UM benefits under his own policy, a policy that did not list the car involved in the accident. Even though the vehicle was apparently community property, the plaintiff attempted to argue that he was not an "owner" for purposes of La.R.S. 22:1406(D)(1)(e). A panel of this court dismissed this reasoning, explaining:
Prior to the amendment of La.R.S. 22:1406, a party occupying an automobile not owned by said party could recover under the UM provision of a policy *674 covering him as an insured. However, we agree, as concluded in Haltom v. State Farm Mut. Auto. Ins. Co., 588 So.2d 792 (La.App. 2d Cir.1991), the Louisiana Legislature passed Act No. 233 in 1988 (adding Section (D)(1)(e) to this statute) specifically "to keep vehicle owners from carrying UM coverage on only one of two or more owned vehicles, thus obtaining the benefit of UM coverage regardless of which vehicle they occupied, at the cost of only one UM policy."
To permit recovery in this case, the insurer correctly argues would allow, "every two-car family in Louisiana [to] reduce the cost of their insurance coverage by simply rejecting UM coverage on one policy, and seeking UM [coverage] under the other policy in the event an accident occurs in either car." Applying the definition of "owner" as suggested by Robert Iles, thus, undermines the clear purpose of the mentioned legislative amendment. This definition also changes the Louisiana codal meaning and jurisprudence interpreting "owner" which also recognizes the existence of community property relationships. Moreover, as noted in the 1993 Supplement to 15 Louisiana Civil Law Treatise, Insurance Law and Practice, § 122 p. 65 "Act 203 of 1988 was designed to permit stacking only `while occupying an automobile not owned by said injured party, resident spouse or resident relative.'"
Id. at p. 3-4; 452-53.
Although the plaintiff contends the vehicles involved were the individuals' separate property in this case, the reasoning displayed in Iles is applicable to the instant case. Recall, the UM waiver containing Amy Brossett's signature and the UM selection form indicating selection of lower limits containing Craig Brossett's signature, are both dated January 14, 1997. To permit recovery of a resident spouse under the UM provision of one policy, but permit the other policy to be obtained at less expensive, non-UM coverage rates, would be contrary to the purpose of the antistacking provision. Accordingly, we find no merit in the plaintiffs contention and find the granting of the summary judgment appropriate.
We note also, that the plaintiff filed a "Motion to Consolidate and/or Alternatively Motion to Consolidate for Rehearing, Motion for Rehearing and/or Motion to Consolidate for Application for Writs on Behalf of Amy Brossett, et al" on November 16, 2001. This motion arrives before this court too late. As explained above, the judgment entered on the policy for the 1995 Pontiac was a final judgment and any appeal taken from the judgment rendered on that date involved issues related to State Farm coverage of the Howard vehicle. As is obvious from our review of this matter, consideration of the entirety of the record, both in this proceeding and the related appeal, is necessary only to provide context. We limit our reference accordingly. Moreover, the plaintiff cannot revive a final judgment at this point by attempting to argue what could have permissibly been argued at the appropriate time, in the related proceeding. The motion is denied. Any desire to consolidate for purposes of a writ application to the supreme court can be made before that court.

DECREE
For the foregoing reasons, the summary judgment entered by the trial court is affirmed. All costs of this appeal are assigned to the plaintiff, Amy Brossett. The "Motion to Consolidate and/or Alternatively Motion to Consolidate for Rehearing, Motion for Rehearing and/or Motion *675 to Consolidate for Application for Writs on Behalf of Amy Brossett, et al" is denied.
AFFIRMED. MOTION DENIED.
NOTES
[1] In rendering reasons at the October 16, 2000 hearing, the trial court explained that his reasons were limited to the question of whether UM coverage was available under the State Farm policy issued on the 1995 Pontiac, the court stated:

The Court understood the argument of the mover in this case is for a motion for summary judgment. The Court understood the arguments are limited only as to whether or not, or as to the issue of UM coverage under the Amy Brossett policy. That's how the Court heard and entertained this argument. And as to thatand to that point and extent only, the Motion for Summary Judgment is granted as argued, as to that point only.
[2] Section B of La.Code Civ.P. art. 1915 provides:

B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
[3] Although a "fourth supplemental and amended petition" is referenced in State Farm's brief, no such petition is contained in the record. In the transcript provided in Brossett, 01-441, counsel for the plaintiff indicates an intention to make such an amendment.
[4] Article 966 provides, in part:

A. (1) The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
(2) The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends.
B. The motion for summary judgment and supporting affidavits shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
C. (1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
[5] Although this judgment is final and is not to be revisited in this appeal, we point out that reference to State Farm's submission in the previous summary judgment indicates that a waiver of UM coverage is contained in the exhibits, is dated January 14, 1997, and is signed by Amy Brossett. It indicates that it is applicable to the 1995 Pontiac identified in policy number 404 4091B0718A, "on all future renewals of the policy, and on all reinstatement or substitute policies until ..." a written request for change in the bodily injury liability coverage or UM vehicle coverage. No such request for a change was included in the plaintiff's submission.