JjJIMMIE C. PETERS, Judge.
Scotty and Melissa Mayo brought suit to recover personal injury and wrongful death damages they sustained in a February 16, 1997 automobile accident. This matter is before us on an application for supervisory writs filed by State Farm Mutual Automobile Insurance Company (State Farm) seeking reversal of the trial court’s denial of its motion for summary judgment. State Farm asserts that it provided no uninsured/underinsured (UM) motorist coverage for the accident at issue.
On February 16, 1997, Scotty Mayo and his wife, Melissa, were involved in an automobile accident with a vehicle driven by Dianne C. Knapp. At the time of the accident, Scotty was driving a 1992 Isuzu pickup truck, which was his separate property. Melissa was a passenger in the truck and, at the time of the accident, was pregnant. Sometime after the accident, she suffered a miscarriage. After filing suit, the Mayos settled their claims for damages with all defendants except State Farm. State Farm provided UM coverage for a 1989 Geo Spectrum, which was Melissa’s separate property. Scotty had rejected UM coverage on his Isuzu pickup truck.
State Farm filed the instant motion for summary judgment contending that La. R.S. 22:1406(D)(l)(e) precluded recovery. The trial court rejected this motion, and State Farm then filed the instant application for supervisory writs. We now grant the writ, enter summary judgment in favor of State Farm, and dismiss the Mayos’ claims against State Farm.
Louisiana Revised Statutes 22:1406(D)(l)(e) provides:
The uninsured motorist coverage does not apply to bodily injury, sickness, or disease, including death of an insured resulting therefrom, while occupying a *975 motor vehicle owned by the insured if such motor vehicle is not described in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy. This provision shall not apply to uninsured motorist coverage provided in a policy that does not describe specific motor vehicles.
| .This court was presented with a similar factual situation in Brossett v. Progressive Insurance Co., 01-0986 (La.App. 3 Cir. 12/12/01), 801 So.2d 668, writ denied, 02-0130 (La.4/12/02), 813 So.2d 404. In that ease, Mrs. Brossett sought, among other things, UM coverage for damages related to the death of her husband while he was a guest passenger in a vehicle that was her separate property. As in the case before us, the vehicle involved in the accident did not have UM coverage, but a vehicle owned by the deceased husband as his separate property did have UM coverage. Mrs. Brossett sought coverage for her husband’s wrongful death under the UM policy issued on his vehicle. She argued that La.R.S. 22:1406(D)(l)(e) did not apply to preclude UM coverage because her husband did not own the vehicle in which the accident occurred. We found this argument to be without merit. Quoting Iles v. American Manufacturers Mutual Insurance Co., 93-1149, p. 4 (La.App. 3 Cir. 5/4/94), 640 So.2d 451, 453, writ denied, 94-1449 (La.9/23/94), 642 So.2d 1292, we determined that, for purposes of La.R.S. 22:1406(D)(l)(e), “owner” includes a resident spouse. We explained: “To permit recovery of a resident spouse under the UM provision of one policy, but permit the other policy to be obtained at less expensive, non-UM coverage rates, would be contrary to the purpose of the anti-stacking provision.” Brossett, 801 So.2d at 674. Likewise, in the instant case, Melissa, a resident spouse, is not entitled to UM coverage under the State Farm policy issued on her Geo Spectrum.
Further, the State Farm policy itself provides that there is no UM coverage “FOR BODILY INJURY TO AN INSURED WHILE OCCUPYING A MOTOR VEHICLE OWNED OR LEASED BY THE INSURED IF IT IS NOT YOUR CAR OR A NEWLY ACQUIRED CAR.” The policy defines “INSURED ” for purposes of UM | .^coverage as the first person named in the declarations, i.e., Melissa, and her spouse. Additionally, the policy defines “YOUR CAR” as “the car or the vehicle described on the declarations page.” The Geo Spectrum is described on the declarations page. Thus, under the terms of the policy, there is no UM coverage for Melissa’s bodily injury because she was occupying a vehicle owned by an “insured,” i.e., her husband, and the vehicle involved in the accident was not the vehicle described on the declarations page.
DISPOSITION
For the foregoing reasons, we grant the writ, render summary judgment in favor of State Farm Mutual Automobile Insurance Company, and dismiss the claims of Scotty and Melissa Mayo. We assess costs to the Mayos.
WRIT GRANTED AND MADE PEREMPTORY.
COOKS, J., dissents and assigns written reasons.
WOODARD, J., dissents for the reasons assigned by Judge COOKS.