h COOKS, J.,
dissents.
The issue presented is whether the law precludes Melissa Mayo from recovering under her own UM policy for her injuries and for the wrongful death of her child when she was riding as a guest passenger *976 in an automobile owned solely by her husband. It is undisputed if Melissa Mayo were riding in a car owned by an unrelated third party, who was underinsured, she would be allowed to recover under her own UM policy. Likewise if she were involved in an accident in her own vehicle (a Geo Spectrum) and the tortfeasor was underin-sured, she would be allowed to recover under the UM policy, which lists the Geo Spectrum. The majority finds Mrs. Mayo is barred from recovery because she did not list her husband’s separately owned vehicle in her policy. The majority relies on La.R.S. 22:1406(D)(l)(e), which provides in relevant part:
The uninsured motorist coverage does not apply to bodily injury, sickness, or disease, including death of an insured resulting therefrom, while occupying a motor vehicle owned by the insured if such motor vehicle is not described in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy. This provision shall not apply to uninsured motorist coverage provided in a policy that does not describe specific motor vehicles.
(Emphasis added.)
The legislative purpose behind the enactment of this statute was stated in Haltom v. State Farm Mut. Auto. Ins. Co., 588 So.2d 792 (La.App. 2 Cir.1991) as | ¡¿follows:
[T]he amendment to the UM statute was clearly designed to keep vehicle owners from carrying UM coverage on only one of two or more oioned vehicles, thus obtaining the benefit of UM coverage regardless of which vehicle they occupied, at the cost of only one UM policy.
Haltom at p. 794-95. (Emphasis added)
This statute will bar UM coverage if the insured is occupying the owned vehicle at the time of the accident and the vehicle is not listed in the policy under which a claim is made. The majority relies on the Third Circuit case of Brossett v. Progressive Insurance Co., 01-0986 (La.App. 3 Cir. 12/12/01); 801 So.2d 668, writ denied, 02-0130 (La.4/12/02); 813 So.2d 404. However, the facts in Brossett are distinguishable.
In Brossett, Mrs. Brossett was driving a Pontiac, her separate property. The Pontiac was involved in the accident. She had specifically rejected UM coverage on the Pontiac. Her husband owned a Mitsubishi (his separate property) which had UM coverage. Mr. Brossett was killed in the accident. Mrs. Brossett sued for the wrongful death of her husband and her own injuries under the policy covering the Mitsubishi. The court found the State Farm policy listed Craig and Amy Bros-sett as the named insured on the UM policy covering the Mitsubishi. Mrs. Bros-sett specifically waived UM coverage on the Pontiac while her husband selected coverage on the Mitsubishi. The Pontiac was involved in the accident. The court found Mrs. Brossett could not recover under a policy naming only the Mitsubishi when she owned the vehicle she was occupying and had specifically rejected UM coverage. Of significance to this court were the following facts:
Amy Brossett had effectively rejected UM coverage on the 1995 Pontiac involved in the accident.... Given that UM coverage was waived on the vehicle in which the accident occurred, and that UM coverage was selected on Mr. Bros-sett’s vehicle, which was not involved in the accident, the question becomes whether the UM selection provision | ¡¡signed by Mr. Brossett can be applied to this situation.
This court held the wife could not recover for her own injuries under a UM policy *977 listing only her husband’s vehicle. The court stated:
Recall, the UM waiver containing Amy Brossett’s signature and the UM selection form indicating selection of lower limits containing Craig Brossett’s signature, are both dated January 14, 1997. To permit recovery of a resident spouse under the UM provision of one policy, but permit the other policy to be obtained at less expensive, non-UM coverage rates, would be contrary to the purpose of the anti-stacking provision.
This language regarding “stacking” is confusing and not really applicable. However, this court also cited La.R.S. 22:1406(D)(l)(e), which is applicable here, and concluded this statute specifically precluded recovery by Mrs. Brossett since she was occupying a car owned by her, but not listed in the UM policy under which she made a claim. As an insured she was required to list her vehicle.
I would agree, under the holding of this court in Brossett, Mr. Mayo is precluded from recovery for his injuries under Mrs. Mayo’s UM policy. He did not list his vehicle in the policy under which he is making a claim. Mrs. Mayo, on the other hand, was simply a guest passenger in a car in which she had no ownership interest. She selected UM coverage on her vehicle and paid premiums which reflected the additional coverage. Her vehicle was specifically described in her UM policy. The situation is not analogous. Mrs. Mayo is making a claim against her UM policy not her husband’s UM policy as was the situation in Brossett. It appears to me Kirkland v. State Farm Mutual Automobile Ins. Co., 95-462 (La.App. 5 Cir.1995), 663 So.2d 872 is analogous to the facts in Mayo.
Thelma Kirkland was a passenger in a Ford truck owned and driven by her husband. The truck collided with a train. Mr. Kirkland was killed and Mrs. Kirkland suffered severe injuries. The truck had liability coverage which was insufficient to cover the damages. Mrs. Kirkland sued State Farm under her UM policy which was Rissued on her own separate vehicle, a Chrysler. State Farm denied UM coverage. State Farm argued to allow Mrs. Kirkland to recover under the UM policy would be contrary to the stacking provisions of La.R.S. 22:1406(D)(c)(ii). The appellate court found the question of stacking was inapplicable to the facts of the case. The applicable provision was La. R.S. 22:1406(D)(l)(e). The appellate court found the parties had a pre-nuptial agreement and were separate in property, stating: “The truck was the separate property of Mr. Kirkland, while the Chrysler was the separate property of Mrs. Kirkland.” The court found both vehicles were separately insured in the names of their respective owners. Each individual paid their own premiums for the different coverages. Mrs. Kirkland had higher limits than Mr. Kirkland and she also had UM coverage. The court held under the statute she was not “owner” of the truck in which she was riding. The court stated:
The key issue in the present case is the status of the automobile in which the plaintiff was injured — here, she was injured while occupying a vehicle not owned by her. The restrictions of La. R.S. 22:1406(D)(l)(e) do not operate to bar Mrs. Kirkland from recovery.
In addition to claiming an “owner” exclusion under La.R.S. 22:1406(D)(l)(e) State Farm also argued Mrs. Kirkland was not covered under the terms of the UM policy. The policy contained an exclusion for vehicles “furnished for the regular use of you, your spouse or any relative.” State Farm argued the vehicle in which Mrs. Kirkland was riding (her husband’s vehicle) fell within this exclusion. The appel *978 late court held this clause did not preclude recovery of UM benefits by Mrs. Kirkland, stating: “A vehicle ‘furnished for ... regular use’ is not, by definition, the same thing, as a vehicle ‘owned’ by the spouse.” The appellate court further concluded:
Therefore, we find it clear that the above quoted portion of the policy does not bar recovery by Mrs. Kirkland under the UM provisions as Mr. Kirkland’s truck was not “furnished” for his use, but was in fact his separate personal property “owned” by him alone.
IsThe court in Brossett (and the majority opinion in Mayo) cited as authority another Third Circuit case, Iles v. American Mfrs. Mutual Insurance Co., 93-1149 (La.App. 3 Cir. 5/4/94), 640 So.2d 451, writ denied, 94-1449 (La.9/23/94); 642 So.2d 1292, which is also distinguishable on its facts, but does provide language defining “ownership” and does support the finding that Mrs. Mayo did not “own” her husband’s truck within the terms of the statute. lies also discusses the legislative policy behind the enactment of La.R.S. 22:1406(D)(l)(e).
The lies case involved a vehicle that was clearly community property. Mr. lies was involved in an accident while operating a Datsun, a vehicle titled and registered to his wife but part of their community property. Mrs. lies, the titled owner, executed a valid waiver of UM coverage on the Datsun. Mr. lies sued American Manufacturing Mutual Insurance Co. arguing the UM exclusion provision contained in his policy did not apply to the vehicle titled in his wife’s name since he was not “owner.” The Datsun was not listed as a covered vehicle under the UM policy. This court held the husband was not entitled to recover. The husband argued he was not the “owner” of a vehicle titled in his wife’s name. This court rejected that limited definition and found:
However, this definition is clearly limited by an introductory proviso which ascribes its meaning to “owner” as appears in that title captioned “Motor Vehicle and Traffic Regulations.” We are convinced the term as defined does not supercede the meaning of “owner” as interpreted and defined in several Louisiana Civil Code articles and other statutory provisions.
Prior to the amendment of La.R.S. 22:1406, a party occupying an automobile not owned by said party could recover under the UM provision of a policy covering him as an insured. However, we agree, as concluded in Haltom v. State Farm Mut. Auto. Ins. Co., 558[588] So.2d 792 (La.App.2d Cir.1991), the Louisiana Legislature passed Act. No. 233 in 1988 (adding Section (D)(1)(e) to this statute) specifically “to keep vehicle owners from carrying UM coverage on only one of two or more owned vehicles, thus obtaining the benefit of UM coverage ^regardless of which vehicle they occupied, at the cost of only one UM policy.”
The court recognized to permit recovery by Mr. lies would allow him to reduce the cost of his insurance coverage by rejecting UM coverage on all but one vehicle. This court stated:
Applying the definition of ‘owner’ as suggested by Robert lies, thus, undermines the clear purpose of the mentioned legislative amendment. This definition also changes the Louisiana codal meaning and jurisprudence interpreting “owner” which also recognizes the existence of community property relationships.
Mr. lies owned an undivided one-half interest in the vehicle. Under the clear intent and wording of the statute, he was precluded from UM coverage.
*979 Another Third Circuit case, Fontenot v. Farm Bureau Insurance Companies, 629 So.2d 495 (La.App. 3 Cir.1993) also is consistent with lies and Brossett and does not bar recovery by Mrs. Mayo. In that case, plaintiff, Monica Fontenot, was injured while riding as a guest passenger in a truck driven by her husband. The Chevy truck was community property and was covered by a liability policy but not a UM policy. Mrs. Fontenot claimed she was entitled to recover under a UM policy covering her Ford Thunderbird. The UM policy specifically excluded coverage, if at the time of the accident, the insured was occupying a vehicle owned by him and not named in the policy. This court held plaintiff was precluded from recovery under the statute, citing the Second Circuit case of Haltom v. State Farm Mut.Auto. Ins. Co., 588 So.2d 792 (La.App. 2 Cir.1991):
[T]he amendment to the UM statute was clearly designed to keep vehicle oumers from carrying UM coverage on only one of two or more owned vehicles, thus obtaining the benefit of UM coverage regardless of which vehicle they occupied, at the cost of only one UM policy.
Haltom at p. 794-95. (Emphasis added)
Since Mrs. Fontenot was occupying a community earned truck which was not |7specifíeally listed on her UM policy, she was barred from recovery.
THE POLICY
The majority finds the language of the policy precludes recovery by Mrs. Mayo. The language in the policy attempts to tract the language of La.R.S. 22:1406(D)(1)(e) and provides an EXCLUSION for UM coverage:
THERE IS NO COVERAGE:
FOR BODILY INJURY TO AN INSURED WHILE OCCUPYING A MOTOR VEHICLE OWNED OR LEASED BY THE INSURED IF IT IS NOT YOUR CAR OR A NEWLY ACQUIRED CAR.
There also is provides an INCLUSION clause defining individuals covered under the UM policy:
Who is an Insured Under Coverage U Insured — means the person or persons covered by uninsured motorist coverage.
This is:
1. The first person named in the declarations;
2. his or her spouse;
3. their relatives; and
4. Any other person while occupying:
a. Your car
b. a car not owned or leased by you, your spouse or any relative. It has to be driven by the first person named in the declarations or that person’s spouse and within the scope of the owner’s consent.
5. Any person entitled to recover because of bodily injury to insured under 1 through 4 above.
The majority interprets this language as meaning there is no UM coverage for bodily injury for Mrs. Mayo and states:
The policy defines “INSURED” for purposes of UM coverage as the first person named in the declarations, i.e., Melissa, and her spouse. Additionally, the policy defines ‘TOUR CAR” as “the car or the vehicle described on the declarations page.” The Geo Spectrum is described on the declarations page. Thus, under the terms of the policy, there is no UM coverage for Melissa’s bodily injury because she was occupying a vehicle owned by an “insured,” i.e., her husband, and the vehicle involved in the accident was not the vehicle described on the declarations page.
*980 Rln other words, the majority combines an inclusion clause with an exclusion clause to reach a result not in keeping with the statute or jurisprudence.
It is well settled that clauses in an insurance contract that seeks to exclude coverage are independent and must be strictly construed. Any question arising as to their clear meaning must be construed in favor of coverage. Mrs. Mayo complied with the terms of her policy. She does not own the truck she was occupying. The statute (and exclusion clause of the policy) only requires an insured to list owned vehicles. The majority reading of the policy imputes ownership of her husband’s truck to her. The policy cannot change the contemplated statutory definition of ownership nor ascribe a meaning to it that runs afoul of customary usage and common understanding of the term. The only vehicle Mrs. Mayo legally owns is the Geo Spectrum. Her vehicle is listed on the policy and she paid higher premiums for UM coverage. UM coverage is provided to Mrs. Mayo if she is injured in a vehicle she owns and the vehicle is listed or she is injured in a vehicle she does not own, regardless of whether the vehicle is listed or not. If the owned and listed vehicle is involved in the accident, the policy provides coverage for Mrs. Mayo, her spouse, relatives and others. If an insured is involved in an accident in a non-owned vehicle, the insured may obtain coverage under their own UM policy.
Melissa complied with the terms of the statute and policy, her husband did not. Melissa’s husband is barred under her UM policy since the Isuzu truck he was occupying was owned by him but was not listed on the policy. Barring the husband from recovering, but allowing Mrs. Mayo to recover, is in keeping with our holding in Brossett, Fontenot, lies and the clear legislative policy prompting the enactment of La.R.S. 22:1406(D)(l)(e).
WRIT GRANTED AND MADE PEREMPTORY.