991 So.2d 566 (2008)
Rosemary OLIVER, Willie Jean Anderson and Betty Ann Washington, The Surviving Child of Daisy Mae Washington
v.
ALLSTATE INSURANCE COMPANY, State Farm Mutual Automobile Insurance Company and James Casimier, Jr.
No. 2007-CA-1434.
Court of Appeal of Louisiana, Fourth Circuit.
August 6, 2008.
*567 Frank M. Buck, Jr., New Orleans, LA, for Plaintiff/Appellee, Rosemary Oliver.
David J. Mitchell, Laurie L. DeArmond, Porteous, Hainkel & Johnson, L.L.P., New Orleans, LA, for Defendant/Appellant, State Farm Mutual Automobile Insurance Company.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge EDWIN A. LOMBARD, Judge ROLAND L. BELSOME).
ROLAND L. BELSOME, Judge.
Defendant-Appellant, State Farm Mutual Automobile Insurance Company ("State Farm"), appeals the judgment awarding damages to Plaintiff-Appellee. For the reasons that follow, we reverse.

FACTS AND PROCEDURAL HISTORY
The facts are largely uncontested in this case. On April 12, 2002, Rosemary Oliver ("Mrs. Oliver") was a guest passenger[1] in a vehicle driven by her husband of 41 years,[2] Alfred Oliver ("Mr. Oliver"), when it was struck by another vehicle operated by James Casimier, Jr. ("Mr. Casimier"). It is not disputed that Mr. Oliver was not at fault in the accident. The collision left Mrs. Oliver with injuries that required medical treatment and expenses.[3] The tortfeasor's insurer[4] settled with Mrs. Oliver for policy limits and she reserved her rights against her uninsured motorist carrier. Unfortunately, the underinsured/uninsured motorist coverage ("UM") policy covering the 1999 Ford Taurus owned and driven by Alfred Oliver had expired.[5] All parties agreed that the vehicle owned by Mrs. Oliver, a 1994 Dodge Intrepid, still maintained valid UM coverage with State Farm.
*568 Although Mr. and Mrs. Oliver were legally married at the time of the accident, they had physically separated as of December 2001. Accordingly, the issue to be determined by this Court is whether a legally married couple that was physically separated at the time of the accident is subject to the same policy provisions and status as a married couple living together. Specifically, this Court must determine whether La. R.S. 22:680(1)(e) and La. R.S. 32:866(E) operate to preclude Mrs. Oliver from recovering under her UM policy with State Farm as an owner, via the community property regime, of the uninsured vehicle involved in the accident.[6]
The trial court concluded that both La. R.S. 22:680(1)(e) and La. R.S. 32:866(E) were inapplicable to the facts of the case and did not prevent Mrs. Oliver's recovery under her State Farm UM policy, awarding damages in the amount of $25,000.00, plus interest and costs. This appeal followed.

STANDARD OF REVIEW
The initial inquiry in reviewing an award of general damages is whether the trial court abused its discretion in assessing the amount of damages. Cone v. National Emergency Serv. Inc., 99-0934 (La.10/29/99), 747 So.2d 1085, 1089; Reck v. Stevens, 373 So.2d 498 (La.1979). Because discretion vested in the trial court is vast, an appellate court should rarely disturb an award of general damages. La. Civ.Code art. 2324.1; Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La. 1993), cert denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). Although reasonable persons frequently disagree about the measure of damages in a particular case, it is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the particular injury to the particular plaintiff under the particular circumstances that an appellate court should increase or reduce the award. Andrus v. State Farm Mutual Auto. Ins. Co., 95-0801 (La.3/22/96), 670 So.2d 1206, 1210.
Additionally, the proper interpretation of a statute is necessarily a question of law, which requires a de novo standard of review. See Holly & Smith Architects, Inc. v. St. Helena Congregate Facility, Inc., XXXX-XXXX, p. 9 (La.11/29/06), 943 So.2d 1037, 1045. Under either standard, we find that the trial erroneously determined that neither La. R.S. 22:680(1)(e) nor La. R.S. 32:866(E) applied to the facts of this case.

DISCUSSION
At the time of the accident, Mr. and Mrs. Oliver owned and maintained a home in both of their names. A review of the record also evidences that Mr. Oliver listed the marital home address as his residence not only on his Louisiana driver's license, but also on the title and registration for the Taurus.[7] Additionally, Mrs. Oliver testified that although Mr. Oliver no longer lived in the marital home, he still had a key to the home, and that between the time of the physical separation and the date of the accident she would see him approximately twice a month.
Based upon this information, State Farm denied Mrs. Oliver's claim, asserting *569 that because she was still legally married to Mr. Oliver, she was therefore an owner of the uninsured vehicle that was involved in the accident and thus precluded from recovering under her UM policy pursuant to La. R.S. 22:680(1)(e). In the alternative, State Farm argued, La. R.S. 32:866(E) precluded Mrs. Oliver from recovering the first $10,000.00 of bodily injury as a result of the accident because she occupied an uninsured vehicle which she owned as community property.

La. R.S. 22:680(1)(e)
In the first assignment of error, Appellant argues that the trial court erred in finding that La. R.S. 22:680(1)(e) did not prohibit Mrs. Oliver from recovery under her UM policy with State Farm, despite finding not only that Mr. and Mrs. Oliver were still married at the time of the accident, but also that the vehicle was uninsured at the time of the accident. La. R.S. 22:680(1)(e) provides as follows:
The uninsured motorist coverage does notapply to bodily injury, sickness, or disease, including death of an insured resulting therefrom, while occupying a motor vehicle owned by the insured if such motor vehicle is not described in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy. This provision shall not apply to uninsured motorist coverage provided in a policy that does not describe specific motor vehicles.
La. R.S. 22:680(1)(e)(emphasis added).
Appellant asserts that, pursuant to the mandates of La. R.S. 22:680(1)(e), Mrs. Oliver is precluded from recovering under her own UM policy with State Farm. First, Appellant argues that Mrs. Oliver is precluded from recovery on her own UM policy because she occupied an uninsured vehicle that she owned (the Taurus) pursuant to the community property regime with Mr. Oliver, as the Taurus was registered in Mr. Oliver's name prior to his departure from the marital home.[8] Second, Mrs. Oliver's UM policy with State Farm listed only the Dodge Intrepid; thus, Appellant submits that recovery is also precluded pursuant to the anti-stacking language in La. R.S. 22:680(1)(e) because the vehicle involved in the accident was not described on the UM policy under which Mrs. Oliver sought coverage.
Community property laws in Louisiana establish that each spouse owns an undivided one-half interest in community property, which is defined by statute as "property acquired during the existence of the legal regime through the effort, skill or industry of either spouse[.]" La. Civ.Code art. 2336; La. Civ.Code art. 2338. Therefore, the Ford Taurus, registered in Mr. Oliver's name on August 16, 2000,[9] prior to his physical departure from the marital home, was community property; moreover, as Mr. and Mrs. Oliver were still legally married at the time of the accident, and had not filed a petition for divorce or to partition property, the Taurus was community property under Louisiana law at the time of the accident. Therefore, as an owner of the Taurus, Mrs. Oliver is explicitly precluded by La. R.S. 22:680(1)(e) from recovering under her UM policy for the Dodge Intrepid.[10]
Moreover, the fact that the Taurus was registered in Mr. Oliver's name only *570 does not alter the vehicle's community property status. First, the vehicle was registered to Mr. Oliver not only during the marriage but also before the physical separation, thus meeting the statutory definition of community property. Second, this Court held in Lewis v. Miller that although only the husband's name was on the bill of sale, the wife had legal custody as an "owner" of the vehicle pursuant to La. Civ.Code art. 2336 and therefore an equally shared responsibility to procure and maintain insurance and registration on the vehicle. Lewis v. Miller, XXXX-XXXX, p. 6 (La.App. 4 Cir. 8/21/02), 826 So.2d 628, 632. This Court found that because the vehicle operated by the husband and occupied by the wife was uninsured, the wife was precluded from recovering the first $10,000.00 of property damage pursuant to La. R.S. 32:866. Id. Similarly, as an owner of the Taurus, Mrs. Oliver had an equally shared responsibility with Mr. Oliver to procure and maintain insurance for the vehicle.
While we are mindful of the public policy behind uninsured motorist coverage,[11] we nevertheless disagree with the trial court's determination that the anti-stacking language of La. R.S. 22:680(1)(e) does not apply to the facts and circumstances of this case. It is well-settled that the purpose of the anti-stacking provision is to prevent the stacking of multiple coverages issued on multiple vehicles not involved in an automobile accident. See, e.g., Gentry v. Meade, XXXX-XXXX, XXXX-XXXX, p. 1 (La.App. 4 Cir. 4/1/00), 767 So.2d 60, 61 writ denied, XXXX-XXXX (La.10/6/00), 771 So.2d 85. Although this case involves a peculiar set of circumstances, the clear mandates of La. R.S. 22:680(1)(e) operate to preclude Mrs. Oliver's recovery as an owner of the Taurus. But for the specific language of the statute, Mrs. Oliver should be entitled to seek coverage under her own UM policy.
Additionally, we find that Mrs. Oliver's testimony regarding her lack of control or communication with Mr. Oliver with respect to maintaining insurance on the Taurus also does not prevent La. R.S. 22:680(1)(e) from applying to the facts and circumstances of this case. Specifically, Mrs. Oliver testified that she had no knowledge of when or where Mr. Oliver purchased the Taurus; whether Mr. Oliver maintained insurance on the Taurus; that she never discussed the matter with Mr. Oliver; and that she did not maintain a set of keys to the Taurus. To accept Mrs. Oliver's testimony regarding her lack of knowledge of the Taurus would require this panel to ignore the uncontested facts in this case; namely, that the vehicle was registered to Mr. Oliver in August of 2000, that the vehicle was registered at the marital home address, and that the separation did not occur until December of 2001. Unfortunately, *571 while Mrs. Oliver acted responsibly with respect to maintaining automobile insurance coverage for her Dodge Intrepid, Louisiana law does not permit us to disregard the fact that at the time of the accident, Mrs. Oliver was an owner of the vehicle she occupied pursuant to La. R.S. 22:680(1)(e).
Therefore, because Mr. and Mrs. Oliver were still legally married at the time of the accident, and Mrs. Oliver was an owner of the Taurus pursuant to the community property regime, we find that the plain language of La. R.S. 22:680(1)(e) operates to preclude Mrs. Oliver's recovery under her UM policy under these particular facts and circumstances.

La. R.S. 32:866(E)
In the second assignment of error, Appellant argues that alternatively, the trial court erred in finding that La. R.S. 32:866 did not prohibit Mrs. Oliver from collecting the first $10,000.00 in bodily injury. Appellant first looks to La. R.S. 32:866(A)(1), which provides as follows:
There shall be no recovery for the first ten thousand dollars of bodily injury and no recovery for the first ten thousand dollars of property damage based on any cause or right of action arising out of a motor vehicle accident, for such injury or damages occasioned by an owner or operator of a motor vehicle involved in such accident who fails to own or maintain compulsory motor vehicle liability security.
La. R.S. 32:866(A)(1). Appellant further relies upon La. R.S. 32:866(E), which provides as follows:
Nothing in this Section shall preclude a passenger in a vehicle from asserting a claim to recover damages for injury, death, or loss which he occasioned, in whole or in part, by the negligence of another person arising out of the operation or use of a motor vehicle. This Subsection shall not apply to a passenger who is also the owner of the uninsured motor vehicle involved in the accident.
La. R.S. 32:866(E). Because we find that La. R.S. 22:680(1)(e) operates to preclude Mrs. Oliver's recovery in this case, it is unnecessary to address this assignment of error.

CONCLUSION
If this were a case in equity, Mrs. Oliver would and should prevail. This case represents an instance where the law as applied has prescribed rights and responsibilities, but not justice. Because we are bound by the plain and unambiguous language of the statute, we must find that La. R.S. 22:680(1)(e) clearly precludes Mrs. Oliver's recovery in this case. Accordingly, we reverse the trial court's judgment against Appellant and remand the matter for proceedings consistent with this opinion.
REVERSED AND REMANDED.
MURRAY, J., concurs in the results.
LOMBARD, J., concurs in the results.
NOTES
[1] Willie Jean Anderson and Daisy Mae Washington were also passengers in the vehicle at the time of the accident.
[2] Mr. and Mrs. Oliver were married on December 16, 1967.
[3] Mrs. Oliver's injuries and medical expenses incurred as a result of the collision exceeded $12,000.00.
[4] Mr. Casimier's insurer, Allstate Insurance Company, and Mr. Casimier were dismissed from the lawsuit after settling with Mrs. Oliver for the policy limits of $10,000.00.
[5] Although the accident report lists Mr. Oliver's Ford Taurus as being insured by State Farm, a careful review of the record reveals the parties stipulated in open court on June 12, 2007 that the vehicle was uninsured at the time of the accident.
[6] At the time of the accident, Mr. and Mrs. Oliver were still legally married, and neither had filed a petition for divorce or for legal separation. The parties further stipulated in open court that no pleadings had been filed, nor any pre- or post-nuptial agreements changing the community regime, and that the Taurus had been purchased by Mr. Oliver during the community regime.
[7] The address of the marital home was 26 Gordon Plaza Drive, New Orleans, 70126.
[8] The date of the registration is August 16, 2000, and lists only Mr. Oliver's name as the owner of the vehicle.
[9] A copy of the certificate of title for the Ford Taurus evidences that Mr. Oliver, listing the Gordon Plaza Drive address, purchased the vehicle with a date of sale of July 21, 2000.
[10] A similar scenario occurred in Brossett v. Progressive Ins. Co., XXXX-XXXX (La.App. 3 Cir. 12/12/01), 801 So.2d 668. In Brossett, plaintiff Mrs. Brossett and her husband Mr. Brossett were in an automobile accident. Mr. Brossett died as a result of the accident; Mrs. Brossett sustained injuries. Both the trial and appellate court found that Mrs. Brossett was precluded from receiving UM benefits on the vehicle involved in the accident, as Mrs. Brossett had rejected UM coverage for the vehicle involved in the accident. When Mrs. Brossett sought to recover under a policy on a separate vehicle owned by her husband and not involved in the accident, both the trial and appellate court found that the anti-stacking language of the UM statute operated to preclude Mrs. Brossett's recovery on the policy on her husband's vehicle.
[11] Burns v. Hetler, XXXX-XXXX, p. 4 (La.App. 4 Cir. 2/26/03), 842 So.2d 1111, 1113, writ denied, XXXX-XXXX (La.5/9/03), 843 So.2d 400 (noting that public policy supports uninsured motorist coverage, as its purpose is to allow a full recovery for automobile accident victims who suffer injuries and damages by a tortfeasor who is not covered by adequate liability insurance).