STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

MALLORY WARTELLE

VERSUS

LOUISIANA FARM BUREAU CASUALTY
INSURANCE COMPANY ST. LANDRY
PARISH, LOUISIANA INSURANCE
COMPANY

\*\*\*\*\*\*\*\*\*\*

ON APPLICATION FOR SUPERVISORY WRIT FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 23-00161-C
HONORABLE ALONZO HARRIS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**D. KENT SAVOIE**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of D. Kent Savoie, Van H. Kyzar, and Guy E. Bradberry, Judges.


**WRIT GRANTED AND MADE PEREMPTORY;**
**SUMMARY JUDGMENT RENDERED.**

**James S. Gates**
**Morrow, Gates, & Morrow, L.L.C.**
**P. O. Drawer 219**
**Opelousas, LA 70571-0219**
**(337) 942-6529**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
    **Mallory Wartelle**

**Brent N. Carriere**
**Allen & Gooch**
**2000 Kaliste Saloom Rd., Suite 400**
**Lafayette, LA 70508**
**(337) 291-1470**
**COUNSEL FOR DEFENDANT/RELATOR**
    **Louisiana Farm Bureau Casualty Insurance Company**

**SAVOIE, Judge.**

Defendant-Relator, Louisiana Farm Bureau Casualty Insurance Company ("Farm Bureau"), seeks supervisory writs from a judgment denying its motion for summary judgment. On September 21, 2023, this court issued an order stating, "[i]n keeping with La.Code Civ.P. art. 966(H), we grant this writ for the limited purpose of briefing and oral argument." Oral argument was held January 31, 2024.

For the reasons that follow, we grant the writ on the merits, make it peremptory, and render summary judgment dismissing Plaintiff's claims against Farm Bureau.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of an automobile accident that occurred on May 13, 2021, in Carencro, Louisiana. Plaintiff, Mallory Wartelle ("Mallory"), was operating a 2015 Hyundai Sante Fe, which she owned. An insurance policy issued by Farm Bureau to Mallory's father, Lastrapes Wartelle ("Mr. Wartelle"), was in effect at the time of the accident and included underinsured/uninsured motorist ("UM") coverage. Mallory seeks UM coverage under her father's policy in this action.

Mr. Wartelle is the only named insured under the policy. The only vehicle listed in the policy's declarations is a 2013 GMC Acadia, which was owned by Mr. Wartelle. Mallory's vehicle is not listed in the policy's declarations.

Mr. Wartelle's policy states in pertinent part as follows:

### PART IV. PROTECTION AGAINST UNINSURED/UNDERINSURED MOTORIST

**Coverage U, Uninsured Motorist (Damages for bodily injury)**

To pay all sums, except punitive and/or exemplary damages, which the insured . . . shall be legally entitled to recover as damages from the

owner or operator of an uninsured or underinsured automobile because of bodily injury . . . sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile.

**Definitions**

. . . .

**insured** means:

(a) the named insured and any relative while a resident of the named insured;

(b) any other person while occupying an insured automobile

. . . .

**insured automobile** means:

(a) an automobile described on the Declarations for which a specific premium charge indicates coverage is afforded;

. . . .

**Exclusions**

This policy does not apply under Coverage U:

. . . .

(b) To any automobile . . . owned by . . . the named insured or a resident of the named insured's household if that automobile is not described on the Declarations.

Farm Bureau filed a motion for summary judgment on April 10, 2023, seeking dismissal of Mallory's UM claims for lack of coverage. Therein, Farm Bureau argued that Mallory was not an "insured" as defined by the policy, that Mallory was not a resident of the named insured's household at the time in question, and that the vehicle Mallory was operating was personally owned by her and not listed in the policy's declarations.

2

The trial court denied Farm Bureau's motion, and Farm Bureau now seeks review from this court. In its sole assignment of error, Farm Bureau states:

> The trial court erred in denying motions for summary judgment by failing to enforce clear and unambiguous UM policy exclusions that current jurisprudence recognizes as statutorily permissible to facts that were not in dispute and need no further discovery.[1]

## ANALYSIS

As stated in *Gray v. American Nat. Property & Casualty Co.*, 07-1670, p. 6 (La. 2/26/08), 977 So.2d 839, 844:

> When an appellate court reviews a district court judgment on a motion for summary judgment, it applies the de novo standard of review, "using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law." *Supreme Serv. & Specialty Co., Inc. v. Sonny Greer*, 06-1827, p. 4 (La. 5/22/07), 958 So.2d 634, 638.

In the present matter, the question before us is purely legal in nature—that is, whether the UM coverage exclusion in Mr. Wartelle's policy is applicable given Mallory's use of a vehicle that she owned at the time of the accident but that was not listed in the policy's declarations.

> When the existence of UM coverage under a policy of automobile insurance is at issue . . . (1) the automobile insurance policy is first examined to determine whether UM coverage is contractually provided under the express provisions of the policy; (2) if no UM coverage is found under the policy provisions, then the UM statute is applied to determine whether statutory coverage is mandated.

---

[1] In its writ application to this court, Farm Bureau states that while it argued to the trial court that Mallory is not a UM insured because she was not a resident of Mr. Wartelle's household, and, alternatively, that the UM exclusions apply because Mallory owned the vehicle she was operating and that vehicle is not listed in the policy, "it is only the latter argument of **coverage exclusion** that is being raised in this Writ Application." Therefore, we will assume for purposes of our review that Mallory is otherwise an insured under the policy based on her allegation that she was a resident of Mr. Wartelle's household at the time of the accident, and we consider only whether the UM coverage exclusions are applicable given Mallory's use of a vehicle that she owned but that was not listed in the policy's declarations.

*Green ex. rel. Peterson v. Johnson*, 14-292, p. 9 (La. 10/15/14), 149 So.3d 766, 773–74.

For purposes of its writ application, Farm Bureau does not dispute, and therefore, we assume, that Mallory is an insured as defined by the UM coverage section of Mr. Wartelle's policy. However, it is undisputed that Mallory owned the vehicle she was driving at the time of the accident and that her vehicle was not named in the policy's declarations; therefore, according to the terms of Mr. Wartelle's policy, UM coverage is excluded, under paragraph (b) of the exclusions, which states that the policy does not apply "[t]o any automobile . . . owned by . . . a resident of the named insured's household if that automobile is not described on the Declarations." Therefore, UM coverage is not available under the terms of the policy.

In accordance with *Green*, 149 So.3d 766, because UM coverage is not contractually available under the terms of the policy, we next consider whether Louisiana's UM statute mandates coverage in this case.

As recognized by the Louisiana Supreme Court in *Higgins v. Louisiana Farm Bureau Cas. Ins. Co.*, 20-1094, pp. 10–12 (La. 3/24/21), 315 So.3d 838, 844–846 (footnotes omitted):

> Louisiana Revised Statutes 22:1295(emphasis added) contains provisions that "*shall* govern the issuance of uninsured motorist coverage," with the fundamental requirement being that every automobile liability insurance policy also include UM coverage of persons insured under the policy unless such coverage is expressly rejected:
>
>> (1)(a)(i) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle designed for use on public highways and required to be registered in this state or as provided in this Section

4

unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, *for the protection of persons insured thereunder who are legally entitled to recover nonpunitive damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death* resulting therefrom; however, the coverage required under this Section is not applicable when any insured named in the policy either rejects coverage, selects lower limits, or selects economic-only coverage, in the manner provided in Item (1)(a)(ii) of this Section....

Accordingly, UM coverage is an implied amendment to any automobile liability policy made "for the protection of *persons insured thereunder*" and will be read into the policy unless validly rejected. *Id.* (emphasis added); *Duncan* [*v. U.S.A.A. Ins. Co.*, 06-363, p. 4 (La. 11/29/06), 950 So.2d, 544, 547]. In keeping with the strong public policy favoring UM coverage, the statute provides that rejection or modification of UM coverage limits "shall be made *only* on a form provided by the commissioner of insurance" which complies with the statutory requirements provided in La. R.S. 22:1295(1)(a)(ii)(emphasis added).

. . . .

The *Howell* [*v. Balboa Ins. Co.*, 564 So.2d 298, 301 (La.1990)] Court noted, "The courts of this state have recognized, both impliedly and explicitly, that this coverage cannot be qualified by a requirement of relationship with an insured vehicle." *Id.*(citations omitted). However, the UM statute does contain one limited exception to this general rule, La. R.S. 22:1295(1)(e), which provides:

The uninsured motorist coverage does not apply to bodily injury, sickness, or disease, including the resulting death of an insured, while occupying a motor vehicle owned by the insured if such motor vehicle is not described in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy. This provision shall not apply to uninsured motorist coverage provided in a policy that does not describe specific motor vehicles.

This Court has recognized that the legislative intent of this limited exception was "to keep vehicle owners from carrying UM coverage on only one of two or more owned vehicles, thus obtaining the benefit of UM coverage regardless of which vehicle they occupied,

at the cost of only one UM policy." *Mayo v. State Farm Mut. Auto. Ins. Co.*, 03-1801, p. 6 (La. 2/25/04), 869 So.2d 96, 101 (emphasis in original), (quoting *Haltom v. State Farm Mut. Auto. Ins. Co.*, 588 So.2d 792, 795 (La.App. 2 Cir. 1991)). This interpretation is consistent with the plain language of this statute, which only excludes coverage in certain instances where an insured is "occupying a motor vehicle owned by the insured...." La.R.S. 22:1295(1)(e)(emphasis added). Here, we find that the statutory exclusion unambiguously applies only to "vehicle[s] owned by the insured."

Farm Bureau argues that, in accordance with *Higgins*, as well as this court's decision in *Poole v. Buys*, 20-532 (La.App. 3 Cir. 5/5/21), 320 So.3d 469, which relied on *Higgins*, the UM coverage exclusion in Mr. Wartelle's policy applies in this case and is statutorily permissible. Mallory, however, argues that this court's decision in *Poole* supports a finding that mandates the application of UM coverage.

In *Poole*, the named insured, Matt Buys, sought UM coverage under his automobile liability policy. At the time of the subject accident, Buys was driving a vehicle owned by his girlfriend due to a mechanical issue with his own vehicle. Buys' girlfriend was a resident of his household, and the vehicle was not listed in the policy declarations of Buys' policy.

The insurer in *Poole* argued, *inter alia*, that UM coverage was not available under the policy's exclusions, which stated that the policy's UM coverage was not applicable "to any automobile . . . furnished or available for the regular use of the named insured . . . if that automobile is not described on the Declarations." *Poole*, 320 So.3d. at 476. While this "regular use" exclusion operated to exclude UM coverage under the terms of the policy, this court held that, in accordance with *Higgins*, the exclusion was invalid as it was contrary to La.R.S. 22:1295; therefore, UM coverage was available. Specifically, this court stated:

> [T]he statutory exclusion of La.R.S. 22:1295(1)(e) "unambiguously applies only to 'vehicle[s] owned by the insured[.]'" *Higgins* at 846. Given the strict construction afforded exceptions to the UM coverage

provided by La.R.S. 22:1295, the supreme court reasoned "that Farm Bureau's policy impermissibly expanded the category of vehicles excluded from UM coverage beyond that which the UM statute allows." *Higgins*, 315 So.3d at 846. . . .

That reasoning, and the supreme court's directive, is applicable to this case, one involving the same "regular use" exclusion analyzed in *Higgins*. Mr. Buys is the named insured on the policy, and Farm Bureau acknowledges that he secured UM coverage thereunder. Farm Bureau's reliance on the policy's "regular use" exclusion(s) therein is contrary to the requirements of La.R.S. 22:1295, the limited exclusions of La.R.S. 22:1295, and the supreme court's expression in *Higgins*.

*Poole*, 320 So.3d. at 478.

Unlike *Higgins* and *Poole*, this case does not involve the applicability of a regular use exclusion; rather, it involves the applicability of an exclusion that applies when an insured is operating a vehicle that he owns and that is not described in the policy's declarations. Therefore, neither *Higgins* nor *Poole* require a finding that UM coverage is available under the instant facts. Instead, both *Higgins* and *Poole* indicate that an exclusion such as the one at issue in this case, which applies to an owned-vehicle that is not described in the policy, is permissible in accordance with La.R.S. 22:1295(1)(e).

Therefore, given that Mallory owned the vehicle at issue and the vehicle was not listed in Mr. Wartelle's policy, UM coverage is not available to Mallory in this case. Accordingly, we grant Farm Bureau's motion for summary judgment and dismiss Mallory's claims against it.

## DECREE

For the foregoing reasons, we hereby grant Farm Bureau's writ application, make it peremptory, and render judgment in favor Farm Bureau, dismissing Mallory's claims against it. Costs of this proceeding are assessed to Plaintiff-Respondent, Mallory Wartelle.

7

**WRIT GRANTED AND MADE PEREMPTORY; SUMMARY JUDGMENT RENDERED.**